E-FILED
Wednesday, 17 October, 2018 10:51:47 AM
Clerk, U.S. District Court, ILCD

25,28,APPEAL,CLOSED,CONSOL,LEAD,PROSE,REFER,RULE 16 CONFERENCE HELD

**SHORT RECORD
NO. 18-3206
FILED 10/17/2018**

# U.S. District Court
## CENTRAL DISTRICT OF ILLINOIS (Urbana)
## CIVIL DOCKET FOR CASE #: <u>2:16–cv–02273–CSB–EIL</u>

McCurry v. Kenco Logistic Services LLC et al
Assigned to: Judge Colin Stirling Bruce
Referred to: Magistrate Judge Eric I. Long
Member case:
    2:16–cv–02277–CSB–EIL
Cause: 28:1331 Fed. Question: Employment Discrimination

Date Filed: 08/29/2016
Date Terminated: 08/14/2018
Jury Demand: Plaintiff
Nature of Suit: 442 Civil Rights: Jobs
Jurisdiction: Federal Question

**Plaintiff**

**Edith McCurry**

represented by **Edith McCurry**
6239 South 13110 East Road
Pembroke Township, IL 60958
815–735–4281
PRO SE

V.

**Defendant**

**Kenco Logistic Services LLC**
*a Tennessee Limited Liability Company*

represented by **Jody Wilner Moran**
JACKSON LEWIS PC
Suite 2500
150 North Michigan Avenue
Chicago, IL 60601
312–787–4949
Fax: 312–787–4995
Email: moranj@jacksonlewis.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Julia Pearce Argentieri**
JACKSON LEWIS PC
Suite 2500
150 North Michigan Avenue
Chicago, IL 60601
312–787–4949
Fax: 312–787–4995
Email: julia.argentieri@jacksonlewis.com
*ATTORNEY TO BE NOTICED*

**Kathryn Montgomery Moran**
JACKSON LEWIS PC
Suite 2500
150 North Michigan Avenue
Chicago, IL 60601
312–787–4949

Fax: 312–787–4995
Email: Kathryn.Moran@jacksonlewis.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Mars Inc**                                represented by   **Thomas R Davies**
HARMON & DAVIES PC
2306 Columbia Avenue
Lancaster, PA 17603
717–291–2236
Fax: 717–291–5739
Email: tdavies@h–dlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Harry R Harmon**
HARMON & DAVIES PC
2306 Columbia Avenue
Lancaster, PA 17603
717–291–2236
Fax: 717–291–5739
Email: rharmon@h–dlaw.com
*ATTORNEY TO BE NOTICED*

**Kimberly J Overbaugh**
HARMON & DAVIES PC
2306 Columbia Avenue
Lancaster, PA 17603
717–291–2236
Fax: 717–291–5739
Email: koverbaugh@h–dlaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Kelvin Walsh**                            represented by   **Jody Wilner Moran**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Julia Pearce Argentieri**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kathryn Montgomery Moran**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Mike Manzello**                           represented by   **Jody Wilner Moran**
(See above for address)
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Julia Pearce Argentieri**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kathryn Montgomery Moran**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**David Jabaley**                    represented by   **Jody Wilner Moran**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Julia Pearce Argentieri**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kathryn Montgomery Moran**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Tammi Fowler**                    represented by   **Jody Wilner Moran**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Julia Pearce Argentieri**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kathryn Montgomery Moran**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Mario Lopez**                    represented by   **Jody Wilner Moran**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Julia Pearce Argentieri**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kathryn Montgomery Moran**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

| | |
|---|---|
| **Lori Varvel** | represented by **Jody Wilner Moran** |
| *from consolidated case 16−2277* | (See above for address) |
| | *LEAD ATTORNEY* |
| | *ATTORNEY TO BE NOTICED* |
| | |
| | **Julia Pearce Argentieri** |
| | (See above for address) |
| | *ATTORNEY TO BE NOTICED* |
| | |
| | **Kathryn Montgomery Moran** |
| | (See above for address) |
| | *ATTORNEY TO BE NOTICED* |

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 08/29/2016 | 1 | | COMPLAINT against Tammi Fowler, David Jabaley, Kenco Logistic Services LLC, Mario Lopez, Mike Manzello, Mars Inc, Kelvin Walsh, filed by Edith McCurry. (Attachments: # 1 Exhibit)(DS, ilcd) (Additional attachment(s) added on 9/1/2016: # 2 Summons & USM−285 Forms) (DS, ilcd). (Entered: 08/30/2016) |
| 08/29/2016 | 2 | | MOTION for Leave to Proceed in forma pauperis by Plaintiff Edith McCurry. (DS, ilcd) (Entered: 08/30/2016) |
| 08/31/2016 | 3 | | ORDER entered by Magistrate Judge Eric I. Long on 8/31/2016. Plaintiff is to submit completed summons and USM−285 forms for each defendant within 21 days. See written Order. (Miscellaneous Deadline 9/21/2016)(DS, ilcd) (Entered: 08/31/2016) |
| 09/07/2016 | 4 | | ORDER Entered by Magistrate Judge Eric I. Long on 9/7/16 granting 2 Motion for Leave to Proceed in forma pauperis. IT IS ORDERED that the United States Marshal serve a copy of the complaint, summons, and order granting leave to proceed in forma pauperis upon the Defendant as directedby the Plaintiff. SEE WRITTEN ORDER. (Attachments: # 1 Consent Forms) (SKR, ilcd) (Entered: 09/07/2016) |
| 09/07/2016 | 5 | | Summons Issued as to Kenco Logistic Services LLC and forwarded to the US Marshal for service. (SKR, ilcd) (Entered: 09/07/2016) |
| 09/07/2016 | 6 | | Summons Issued as to Mars Inc and forwarded to the US Marshal for service. (SKR, ilcd) (Entered: 09/07/2016) |
| 09/07/2016 | 7 | | Summons Issued as to Kelvin Walsh and forwarded to the US Marshal for service. (SKR, ilcd) (Entered: 09/07/2016) |
| 09/07/2016 | 8 | | Summons Issued as to David Jabaley and forwarded to the US Marshal for service. (SKR, ilcd) (Entered: 09/07/2016) |
| 09/07/2016 | 9 | | Summons Issued as to Tammi Fowler and forwarded to the US Marshal for service. (SKR, ilcd) (Entered: 09/07/2016) |
| 09/07/2016 | | | TEXT ORDER Entered by Magistrate Judge Eric I. Long on 9/7/16. Pursuant to the Courts Order on September 7, 2016, Plaintiff submitted completed |

| | | | |
|---|---|---|---|
| | | | summons and USM–285 forms for most Defendants, but failed to provide the summons and USM forms for Defendants Mike Manzello and Mario Lopez. The Court directs Plaintiff to submit completed summons and USM–285 forms for Defendants Mike Manzello and Mario Lopez within 14 days. ( Miscellaneous Deadline 9/21/2016 set for summons/USM 285 forms) (SKR, ilcd) (Entered: 09/07/2016) |
| 09/26/2016 | 10 | | Remark: Plaintiff has submitted completed summonns' and USM–285 Forms for Manzello & Lopez. (Attachments: # 1 USM–285) (DS, ilcd) (Entered: 09/26/2016) |
| 09/28/2016 | 11 | | Summons Issued as to Mario Lopez, Mike Manzello and forwarded to the US Marshal for service. (DS, ilcd) (Entered: 09/28/2016) |
| 10/10/2016 | 12 | | NOTICE of Appearance of Attorney by Jody Wilner Moran on behalf of Tammi Fowler, David Jabaley, Kenco Logistic Services LLC, Mario Lopez, Mike Manzello, Kelvin Walsh (Moran, Jody) (Entered: 10/10/2016) |
| 10/10/2016 | 13 | | NOTICE of Appearance of Attorney by Julia Pearce Argentieri on behalf of Tammi Fowler, David Jabaley, Kenco Logistic Services LLC, Mario Lopez, Mike Manzello, Kelvin Walsh (Argentieri, Julia) (Entered: 10/10/2016) |
| 10/10/2016 | 14 | | MOTION for Extension of Time to File Answer *or Otherwise Plead* by Defendants Tammi Fowler, David Jabaley, Kenco Logistic Services LLC, Mario Lopez, Mike Manzello, Kelvin Walsh. Responses due by 10/27/2016 (Attachments: # 1 Exhibit A)(Moran, Jody) (Entered: 10/10/2016) |
| 10/11/2016 | | | TEXT ORDER entered by Magistrate Judge Eric I. Long on 10/11/2016. Defendants' Unopposed Motion for an Extension of Time to Answer or Otherwise Plead 14 is GRANTED. Defendants' deadline to file an Answer or otherwise plead in extended to November 14, 2016. (Tammi Fowler answer due 11/14/2016; David Jabaley answer due 11/14/2016; Kenco Logistic Services LLC answer due 11/14/2016; Mario Lopez answer due 11/14/2016; Mike Manzello answer due 11/14/2016; Kelvin Walsh answer due 11/14/2016) (DS, ilcd) (Entered: 10/11/2016) |
| 10/24/2016 | 15 | | RESPONSE to Motion re 14 MOTION for Extension of Time to File Answer *or Otherwise Plead* filed by Plaintiff Edith McCurry. (Attachments: # 1 Exhibit)(DS, ilcd) (Entered: 10/24/2016) |
| 11/14/2016 | 16 | | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendants Tammi Fowler, David Jabaley, Kenco Logistic Services LLC, Mario Lopez, Mike Manzello, Kelvin Walsh. Responses due by 12/1/2016 (Moran, Jody) (Entered: 11/14/2016) |
| 11/14/2016 | 17 | | MEMORANDUM in Support re 16 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by Defendants Tammi Fowler, David Jabaley, Kenco Logistic Services LLC, Mario Lopez, Mike Manzello, Kelvin Walsh. (Moran, Jody) (Entered: 11/14/2016) |
| 11/14/2016 | 18 | | RULE 56 NOTICE re 16 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM to pro se plaintiff. (DS, ilcd) (Entered: 11/14/2016) |
| 11/14/2016 | 19 | | CERTIFICATE OF INTEREST pursuant to Local Rule 11.3 by Kenco Logistic Services LLC. (Moran, Jody) (Entered: 11/14/2016) |

| 11/14/2016 | 20 | | Summons Returned Unexecuted by Edith McCurry as to Mars Inc. (DS, ilcd) (Entered: 11/14/2016) |
|---|---|---|---|
| 11/28/2016 | 21 | | Alias Summons Issued as to Mars Inc and forwarded to the US Marshal for service. (DS, ilcd) (Main Document 21 replaced on 11/28/2016) (DS, ilcd). (Entered: 11/28/2016) |
| 11/29/2016 | 22 | | MOTION for Extension of Time to File Response as to 16 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Plaintiff Edith McCurry. Responses due by 12/16/2016. (DS, ilcd) (Entered: 11/29/2016) |
| 11/29/2016 | | | TEXT ORDER entered by Judge Colin Stirling Bruce on 11/29/2016. Plaintiff's 22 pro se Motion for Extension of Time is GRANTED. Plaintiff is allowed until 12/15/2016 to respond to 16 Defendants' Motion to Dismiss. (Responses due by 12/15/2016)(DS, ilcd) (Entered: 11/29/2016) |
| 12/02/2016 | 23 | | SUMMONS Returned Executed as to Fowler, Jabaley and Kenco by Edith McCurry. (KM, ilcd) (Entered: 12/02/2016) |
| 12/12/2016 | 24 | | ALIAS SUMMONS Returned Executed by Edith McCurry. Mars Inc served on 12/9/2016, answer due 12/30/2016. (DS, ilcd) (Entered: 12/12/2016) |
| 12/20/2016 | 25 | | RESPONSE to Motion re 16 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by Plaintiff Edith McCurry. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit)(DS, ilcd) (Entered: 12/20/2016) |
| 12/29/2016 | 26 | | NOTICE of Appearance of Attorney by Thomas R Davies on behalf of Mars Inc (Davies, Thomas) (Entered: 12/29/2016) |
| 12/29/2016 | 27 | | NOTICE of Appearance of Attorney by Harry R Harmon on behalf of Mars Inc (Harmon, Harry) (Entered: 12/29/2016) |
| 12/29/2016 | 28 | | NOTICE of Appearance of Attorney by Kimberly J Overbaugh on behalf of Mars Inc (Overbaugh, Kimberly) (Entered: 12/29/2016) |
| 12/30/2016 | 29 | | ANSWER to 1 Complaint, AND AFFIRMATIVE DEFENSES by Mars Inc.(Davies, Thomas) (Entered: 12/30/2016) |
| 12/30/2016 | 30 | | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Defendant Mars Inc. Responses due by 1/13/2017 (Davies, Thomas) (Entered: 12/30/2016) |
| 12/30/2016 | 31 | | MEMORANDUM in Support re 30 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by Defendant Mars Inc. (Davies, Thomas) (Entered: 12/30/2016) |
| 12/30/2016 | 32 | | RULE 56 NOTICE entered re 30 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM. (DS, ilcd) (Entered: 12/30/2016) |
| 01/03/2017 | | | TEXT ORDER entered by Magistrate Judge Eric I. Long on 1/3/2017. Plaintiff has filed two cases with this court (2:16−cv−2273 and 2:16−cv− 2277). Plaintiff subsequently filed a Motion to Consolidate Cases in case number 2:16−cv−2277, which was granted by the Court on January 3, 2017. Therefore, this Court consolidates cases 2:16−cv−2273 and 2:16−cv−2277. All claims currently brought by Plaintiff in the two cases listed above will proceed in this case. (DS, ilcd) (Entered: 01/03/2017) |

| | | | |
|---|---|---|---|
| 01/03/2017 | 33 | | ORDER setting Rule 16 Scheduling Conference entered by Magistrate Judge Eric I. Long on 1/3/2017. Rule 16 Scheduling Conference set for 2/7/2017 at 10:45 AM by telephone from Urbana (court will place call) before Magistrate Judge Eric I. Long. See written Order.(DS, ilcd) (Entered: 01/03/2017) |
| 01/18/2017 | 34 | | RESPONSE to Motion re 16 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by Plaintiff Edith McCurry. (Attachments: # 1 Exhibit)(DS, ilcd) (Entered: 01/18/2017) |
| 02/01/2017 | 35 | | WAIVER OF SERVICE Returned Executed by Edith McCurry. Lori Varvel waiver sent on 1/19/2017, answer due 3/20/2017. (DS, ilcd) (Entered: 02/01/2017) |
| 02/03/2017 | 36 | | CERTIFICATE of Service/Counsel *for Defendants' Initial Rule 26a Disclosures* by Jody Wilner Moran on behalf of Tammi Fowler, David Jabaley, Kenco Logistic Services LLC, Mario Lopez, Mike Manzello, Kelvin Walsh (Moran, Jody) (Entered: 02/03/2017) |
| 02/07/2017 | 37 | | CERTIFICATE *of Service for Defendant's Initial Rule 26(a) Disclosures*. (Davies, Thomas) (Entered: 02/07/2017) |
| 02/07/2017 | 38 | | Minute Entry for proceedings held 2/7/2017 before Magistrate Judge Eric I. Long. Appearance of Plaintiff McCurry. Appearance for Defendants by Julia Argentieri and Thomas Davies. Court advises pro se plaintiff of pertinent Federal Rules of Civil Procedure regarding discovery. Rule 16 conference held by telephone. Plan approved; dates set. Consent to magistrate judge discussed (form attached). ADR options offered, including court–hosted settlement conference. The following discovery deadlines are set: Initial disclosure due by 3/7/17; Amended pleadings due by 3/21/17; Plaintiff's expert disclosure due by 7/14/17; Plaintiff shall make experts available for deposition by 8/11/17; Defendant's expert disclosure due by 9/15/17; Defendant shall make experts available for deposition by 10/13/17; Discovery due by 10/13/17; Case dispositive motions due by 10/27/17. Status Hearing set before Judge Long on 5/16/17 at 11:00 AM by telephone to discuss possible court hosted mediation or summary trial. Final Pretrial Conference is scheduled for 2/12/18 at 2:00 PM by personal appearance before Judge Colin S. Bruce, Courtroom A, Urbana. Jury Selection/Jury Trial is scheduled for 2/20/18 at 9:30 AM before Judge Colin S. Bruce, Courtroom A, Urbana, (3 days). (Tape #UR–B 10:47 AM.) (DS, ilcd) (Entered: 02/07/2017) |
| 02/07/2017 | 39 | | ORDER entered by Judge Colin Stirling Bruce on 2/7/2017. Defendant's Motion to Dismiss 16 is GRANTED. Mars' Motion to Dismiss 30 is GRANTED. This case is referred to Judge Long for further proceedings. See written Order. (DS, ilcd) (Entered: 02/07/2017) |
| 02/08/2017 | 40 | | SCHEDULING ORDER entered by Magistrate Judge Eric I. Long on 2/8/2017. Discovery due by 10/13/2017. Motions due by 10/27/2017. Final Pretrial Conference is set for 2/12/2018 at 2:00 PM in Courtroom A in Urbana before Judge Colin Stirling Bruce. Jury Selection/Jury Trial set for 2/20/2018 at 9:30 AM in Courtroom A in Urbana before Judge Colin Stirling Bruce. See written Order.(DS, ilcd) (Entered: 02/08/2017) |
| 02/13/2017 | 41 | | NOTICE of Appearance of Attorney by Jody Wilner Moran on behalf of Lori Varvel (Moran, Jody) (Entered: 02/13/2017) |

| 02/13/2017 | 42 | NOTICE of Appearance of Attorney by Julia Pearce Argentieri on behalf of Lori Varvel (Argentieri, Julia) (Entered: 02/13/2017) |
|---|---|---|
| 02/21/2017 | 43 | MOTION for Extension of Time to File Answer re 1 Complaint, *or Otherwise Plead* by Defendants Tammi Fowler, David Jabaley, Kenco Logistic Services LLC, Mario Lopez, Mike Manzello, Lori Varvel, Kelvin Walsh. Responses due by 3/7/2017 (Moran, Jody) (Entered: 02/21/2017) |
| 02/22/2017 | | TEXT ORDER entered by Magistrate Judge Eric I. Long on 2/22/2017. Defendants' Motion for an Extension of Time to Answer or Otherwise Plead 43 is GRANTED. Defendants Kenco, Walsh, Manzello, Jabaley, Fowler, Varvel, and Lopez's deadline to file an Answer or to otherwise respond to Plaintiff's Complaint is extended to March 23, 2017. (Tammi Fowler answer due 3/23/2017; David Jabaley answer due 3/23/2017; Kenco Logistic Services LLC answer due 3/23/2017; Mario Lopez answer due 3/23/2017; Mike Manzello answer due 3/23/2017; Lori Varvel answer due 3/23/2017; Kelvin Walsh answer due 3/23/2017)(DS, ilcd) (Entered: 02/22/2017) |
| 02/23/2017 | 44 | MOTION for Clarification & Reconsideration re 39 Order on Motion to Dismiss for Failure to State a Claim, by Plaintiff Edith McCurry. Responses due by 3/9/2017. (DS, ilcd) (Entered: 02/23/2017) |
| 02/24/2017 | | TEXT ORDER entered by Judge Colin Stirling Bruce on 2/24/2017. On 2/7/2017, this court entered a 14–page Order 39 ruling on the Motions to Dismiss filed by Defendants. This court carefully and thoroughly explained its ruling on all issues. This court also noted that it had concerns about whether Plaintiff's pro se filings were "a cut and paste job done by the plaintiff in one of the other cases against Mars and Kenco" and noted its "strong suspicion that Plaintiff is not actually the author of the documents filed in this case." This court ended the Order by stating "Plaintiff is hereby admonished that it is illegal in Illinois and against this court's Local Rules to practice law without a license. Therefore, a litigant, like Plaintiff, who knowingly allows a non–lawyer to represent her is subject to sanctions and other penalties for this behavior. All further filings in this case must be authored by Plaintiff herself to be considered by the court." On 2/23/2017, a 12–page pro se Motion for Clarification and Reconsideration 44 was filed in this case. The Motion is very similar to other documents filed in this case, documents which raised this court's concerns and strong suspicion that Plaintiff was not actually the author of the documents. The Motion 44 is therefore subject to being stricken because it appears that it was not authored by Plaintiff herself. In any case, this court concludes that there is no merit to the Motion for Clarification and Reconsideration 44 and it is DENIED. This court thoroughly explained the legal basis for its rulings and what Plaintiff purportedly "believes" about what the law is cannot and does not change those rulings. (DS, ilcd) (Entered: 02/24/2017) |
| 03/13/2017 | 45 | MOTION for Clarification by Plaintiff Edith McCurry. Responses due by 3/27/2017. (DS, ilcd) (Entered: 03/13/2017) |
| 03/14/2017 | | TEXT ORDER entered by Judge Colin Stirling Bruce on 3/14/2017. Plaintiff's 45 pro se Motion for Clarification is DENIED. (DS, ilcd) (Entered: 03/14/2017) |
| 03/22/2017 | 46 | |

| | | | |
|---|---|---|---|
| | | | MOTION for Extension of Time to Submit an Amended Complaint, filed by Plaintiff Edith McCurry. Responses due by 4/5/2017. (DS, ilcd) (Entered: 03/22/2017) |
| 03/23/2017 | 47 | | ANSWER to 1 Complaint, AND AFFIRMATIVE DEFENSES by Tammi Fowler, David Jabaley, Kenco Logistic Services LLC, Mario Lopez, Mike Manzello, Lori Varvel, Kelvin Walsh.(Moran, Jody) (Entered: 03/23/2017) |
| 03/24/2017 | | | TEXT ORDER entered by Magistrate Judge Eric I. Long on 3/24/2017. Plaintiff's Motion for Extension of Time to Extend the Deadline Time to Submit an Amended Complaint 46 is DENIED. Plaintiff's deadline to file an Amended Complaint was March 21, 2017. Plaintiff filed the instant Motion on March 22, 2017. To amend a pleading after the expiration of the trial court's Scheduling Order deadline to amend pleadings, the moving party must show "good cause." Fed. R. Civ. P. 16(b). Here, Plaintiff's Motion asks for an extension of time to file an Amended Complaint based on the fact that Defendant has been given an extension of time to file an Answer. Plaintiff does not put forth a reason for filing an Amended Complaint or even indicate whether she plans on doing so. Therefore, Plaintiff has failed to show good cause to extend her deadline to file an Amended Complaint. The Court notes that if Plaintiff is able to show good cause to amend her Complaint at a later date, she may seek leave to file an Amended Complaint at that time. Plaintiff is also advised that any future Motion for leave to file an Amended Complaint must have Plaintiff's proposed Amended Complaint attached to the Motion. (DS, ilcd) (Entered: 03/24/2017) |
| 05/16/2017 | | | Minute Entry for proceedings held 5/16/2017 before Magistrate Judge Eric I. Long. Appearance of the plaintiff Edith McCurry. Appearance for the defendant by Julia Argenteri. Status Conference held by telephone. Status of case discussed. Discovery discussed. Further Status Conference set for 9/12/2017 at 10:15 AM by telephone from Urbana (court will place call) before Magistrate Judge Eric I. Long. (Tape #UR–B 11:02 AM.) (DS, ilcd) (Entered: 05/16/2017) |
| 07/14/2017 | 48 | | MOTION for Extension of Time to Submit Expert Witnesses by Plaintiff Edith McCurry. Responses due by 7/28/2017. (DS, ilcd) (Entered: 07/14/2017) |
| 07/17/2017 | | | TEXT ORDER entered by Magistrate Judge Eric I. Long on 7/17/2017. Any objection to Plaintiff's Motion for Extension of Time to Submit Expert Witnesses 48 is due by the close of business on 7/24/17. (DS, ilcd) (Entered: 07/17/2017) |
| 07/18/2017 | | | Set/Reset Deadlines: Responses due by 7/28/2017 (DS, ilcd) (Entered: 07/18/2017) |
| 07/19/2017 | 49 | | RESPONSE to Motion re 48 MOTION for Extension of Time to File filed by Defendants Tammi Fowler, David Jabaley, Kenco Logistic Services LLC, Mario Lopez, Mike Manzello, Lori Varvel, Kelvin Walsh. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Moran, Jody) (Entered: 07/19/2017) |
| 07/20/2017 | | | TEXT ORDER entered by Magistrate Judge Eric I. Long on 7/20/2017. Plaintiff's Motion for Extension of Time to Submit Expert Witnesses 48 is GRANTED. The following deadlines are set: Plaintiff's expert disclosure due by 8/14/17; Plaintiff shall make experts available for deposition by 9/11/17; Defendant's expert disclosure due by 10/16/17; Defendant shall make experts |

| | | | |
|---|---|---|---|
| | | | available for deposition by 11/13/17; Discovery due by 11/13/17; Case dispositive motions due by 11/27/17. (DS, ilcd) (Entered: 07/20/2017) |
| 09/07/2017 | 50 | | MOTION to Compel *Discovery from Plaintiff* by Defendants Tammi Fowler, David Jabaley, Kenco Logistic Services LLC, Mario Lopez, Mike Manzello, Lori Varvel, Kelvin Walsh. Responses due by 9/21/2017 (Moran, Jody) (Entered: 09/07/2017) |
| 09/07/2017 | 51 | | MEMORANDUM in Support re 50 MOTION to Compel *Discovery from Plaintiff* filed by Defendants Tammi Fowler, David Jabaley, Kenco Logistic Services LLC, Mario Lopez, Mike Manzello, Lori Varvel, Kelvin Walsh. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H)(Moran, Jody) (Entered: 09/07/2017) |
| 09/08/2017 | 52 | | MOTION for Protective Order by Defendants Tammi Fowler, David Jabaley, Kenco Logistic Services LLC, Mario Lopez, Mike Manzello, Lori Varvel, Kelvin Walsh. Responses due by 9/22/2017 (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Moran, Jody) (Entered: 09/08/2017) |
| 09/11/2017 | 53 | | MOTION to Strike *and Bar Plaintiff's Proposed Expert James Kolka* by Defendants Tammi Fowler, David Jabaley, Kenco Logistic Services LLC, Mario Lopez, Mike Manzello, Lori Varvel, Kelvin Walsh. Responses due by 9/25/2017 (Moran, Jody) (Entered: 09/11/2017) |
| 09/11/2017 | 54 | | MEMORANDUM in Support re 53 MOTION to Strike *and Bar Plaintiff's Proposed Expert James Kolka* filed by Defendants Tammi Fowler, David Jabaley, Kenco Logistic Services LLC, Mario Lopez, Mike Manzello, Lori Varvel, Kelvin Walsh. (Attachments: # 1 Exhibit A – Part 1, # 2 Exhibit A – Part 2, # 3 Exhibit A – Part 3, # 4 Exhibit A – Part 4, # 5 Exhibit A – Part 5, # 6 Exhibit A – Part 6, # 7 Exhibit A – Part 7, # 8 Exhibit A – Part 8, # 9 Exhibit A – Part 9, # 10 Exhibit A – Part 10, # 11 Exhibit A – Part 11, # 12 Exhibit A – Part 12, # 13 Exhibit A – Part 13, # 14 Exhibit A – Part 14, # 15 Exhibit A – Part 15, # 16 Exhibit A – Part 16, # 17 Exhibit A – Part 17, # 18 Exhibit A – Part 18, # 19 Exhibit A – Part 19, # 20 Exhibit A – Part 20, # 21 Exhibit B)(Moran, Jody) (Entered: 09/11/2017) |
| 09/12/2017 | | | Minute Entry for proceedings held 9/12/2017 before Magistrate Judge Eric I. Long. Appearance of the plaintiff. Appearance for the defendant by Julia Argentieri and Kimberly Overbaugh. Status Conference held by telephone. Status of case discussed. Motion for Protective Order 52 Granted. Written Order to be entered. Discovery discussed. Further Status Conference set for 11/9/2017 at 10:15 AM by telephone from Urbana (court will place call) before Magistrate Judge Eric I. Long. (Tape #UR–B 10:15 AM.) (DS, ilcd) Modified on 9/12/2017 to correct date (DS, ilcd). (Entered: 09/12/2017) |
| 09/12/2017 | 55 | | CONFIDENTIALITY ORDER entered by Magistrate Judge Eric I. Long on 9/12/2017. See written Order. (DS, ilcd) (Entered: 09/12/2017) |
| 09/18/2017 | 56 | | Response re 55 Confidential Order by Edith McCurry. (DS, ilcd) (Entered: 09/18/2017) |
| 09/21/2017 | 57 | | RESPONSE to Motion re 50 MOTION to Compel *Discovery from Plaintiff* filed by Plaintiff Edith McCurry. (Attachments: # 1 Exhibit, # 2 Exhibit)(DS, ilcd) Modified on 9/22/2017 to correct filed date (DS, ilcd). (Entered: |

| | | | 09/22/2017) |
|---|---|---|---|
| 09/21/2017 | 58 | | MOTION to Compel by Plaintiff Edith McCurry. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit) Responses due by 10/5/2017.(DS, ilcd) (Entered: 09/22/2017) |
| 09/26/2017 | 59 | | RESPONSE to Motion re 53 MOTION to Strike *and Bar Plaintiff's Proposed Expert James Kolka* filed by Plaintiff Edith McCurry. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit)(DS, ilcd) (Entered: 09/26/2017) |
| 09/28/2017 | 60 | | RESPONSE to Motion re 58 MOTION to Compel filed by Defendants Tammi Fowler, David Jabaley, Kenco Logistic Services LLC, Mario Lopez, Mike Manzello, Lori Varvel, Kelvin Walsh. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Moran, Jody) (Entered: 09/28/2017) |
| 11/02/2017 | 61 | | NOTICE of Appearance of Attorney by Kathryn Montgomery Moran on behalf of Tammi Fowler, David Jabaley, Kenco Logistic Services LLC, Mario Lopez, Mike Manzello, Lori Varvel, Kelvin Walsh (Moran, Kathryn) (Entered: 11/02/2017) |
| 11/02/2017 | 62 | | MOTION for Extension of Time to Complete Discovery *and Re−Set the Trial Date* by Defendants Tammi Fowler, David Jabaley, Kenco Logistic Services LLC, Mario Lopez, Mike Manzello, Lori Varvel, Kelvin Walsh. Responses due by 11/16/2017 (Moran, Kathryn) (Entered: 11/02/2017) |
| 11/06/2017 | 63 | | MOTION for Protective Order *Regarding Plaintiff's Discovery* by Defendants Tammi Fowler, David Jabaley, Kenco Logistic Services LLC, Mario Lopez, Mike Manzello, Lori Varvel, Kelvin Walsh. Responses due by 11/20/2017 (Moran, Kathryn) (Entered: 11/06/2017) |
| 11/06/2017 | 64 | | MEMORANDUM in Support re 63 MOTION for Protective Order *Regarding Plaintiff's Discovery* filed by Defendants Tammi Fowler, David Jabaley, Kenco Logistic Services LLC, Mario Lopez, Mike Manzello, Lori Varvel, Kelvin Walsh. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Moran, Kathryn) (Entered: 11/06/2017) |
| 11/08/2017 | 65 | | RESPONSE/OBJECTION to Defendants' 62 MOTION for Extension of Time to Complete Discovery *and Re−Set the Trial Date* filed by Plaintiff Edith McCurry. (Attachments: # 1 Exhibits) (KM, ilcd) (Entered: 11/08/2017) |
| 11/08/2017 | 66 | | ORDER Entered by Magistrate Judge Eric I. Long on 11/8/17 granting in part and denying in part 50 Motion to Compel. Defendants request for sanctions is denied. SEE WRITTEN ORDER. (SKR, ilcd) (Entered: 11/08/2017) |
| 11/08/2017 | 67 | | ORDER Entered by Magistrate Judge Eric I. Long on 11/8/17. Plaintiffs Motion to Compel Defendants Lori Varvel, Mike Manzello, and Kenco Logistics 58 is DENIED as moot. SEE WRITTEN ORDER. (SKR, ilcd) (Entered: 11/08/2017) |
| 11/09/2017 | | | Minute Entry for proceedings held 11/9/2017 before Magistrate Judge Eric I. Long. Appearance of the plaintiff Edith McCurry. Appearance for the defendants by Julia Pearce Argentieri and Kimberly Overbaugh. Status Conference held by telephone. Status of case discussed. Motion for Extension of Time 62 is GRANTED. The discovery schedule is amended as follows: Discovery due by 4/6/2018; Motions due by 5/5/2018. Final Pretrial |

|  |  |  | Conference set for 9/10/2018 at 11:00 AM in Courtroom A in Urbana before Judge Colin Stirling Bruce. Jury Selection/Jury Trial set for 9/18/2018 at 9:30 AM in Courtroom A in Urbana before Judge Colin Stirling Bruce. Further Status Conference set for 1/29/2018 at 10:00 AM by telephone from Urbana (court will place call) before Magistrate Judge Eric I. Long. (Tape #UR–B 10:21 AM.) (DS, ilcd) (Entered: 11/09/2017) |
|---|---|---|---|
| 11/30/2017 | 68 |  | MOTION for Sanctions *under Rule 37 (Renewed)* by Defendants Tammi Fowler, David Jabaley, Kenco Logistic Services LLC, Mario Lopez, Mike Manzello, Lori Varvel, Kelvin Walsh. Responses due by 12/14/2017 (Moran, Jody) (Entered: 11/30/2017) |
| 12/07/2017 | 69 |  | MOTION to Supplement 68 MOTION for Sanctions *under Rule 37 (Renewed)* by Defendants Tammi Fowler, David Jabaley, Kenco Logistic Services LLC, Mario Lopez, Mike Manzello, Lori Varvel, Kelvin Walsh. Responses due by 12/21/2017 (Attachments: # 1 Exhibit A)(Moran, Jody) (Entered: 12/07/2017) |
| 12/07/2017 | 70 |  | ORDER entered by Magistrate Judge Eric I. Long on 12/7/2017. Defendants' Motion to Strike and Bar Plaintiff's Expert James Kolka 53 is GRANTED. Plaintiff will not be permitted to use Kolka's expert witness report or present testimony from Kolka at trial. See written Order. (DS, ilcd) (Entered: 12/07/2017) |
| 12/08/2017 |  |  | TEXT ORDER entered by Magistrate Judge Eric I. Long on 12/8/2017. Defendants' Motion to Supplement Defendants' Renewed Motion for Sanctions Under Rule 37 69 is GRANTED. The Court will consider the additional information presented in Defendants' Motion to Supplement 69 when ruling on Defendants Renewed Motion for Sanctions Under Rule 37 68 . Accordingly, Plaintiff's deadline to respond to Defendants' Renewed Motion for Sanctions Under Rule 37 68 is extended to December 21, 2017 in order to give Plaintiff an opportunity to respond to the new information presented in Defendants' Motion to Supplement. (Responses due by 12/21/2017)(DS, ilcd) (Entered: 12/08/2017) |
| 12/08/2017 | 71 |  | ORDER entered by Magistrate Judge Eric I. Long on 12/8/2017. Defendant's Motion for Protective Order 63 is GRANTED in part and DENIED in part. Plaintiff's Requests to Admit are STRICKEN. Plaintiff may propound no more than 25 Requests to Admit on Defendants within 14 days of the entry of this order. Plaintiff's Document Production Requests filed between 10/4/17 and 10/17/17 are STRICKEN. Plaintiff shall not propound any further Interrogatories or Documents Production Requests. Defendant's request for sanctions is DENIED. Any further abuse of the discovery process by Plaintiff will result in sanctions up to and including dismissal of this action. See written Order. (DS, ilcd) (Entered: 12/08/2017) |
| 12/14/2017 | 72 |  | +++ **PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO RENEW ITS MOTION FOR SANCTIONS** 68 . **(Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4) (TC, ilcd) Modified on 12/18/2017 to unseal all documents except Exhibit [72–1] as directed in the Court's 12/18/17 text order (DS, ilcd). (Entered: 12/15/2017)** |
| 12/18/2017 |  |  | TEXT ORDER entered by Magistrate Judge Eric I. Long on 12/18/2017. On December 14, 2017, Plaintiff filed a Response to Defendant's Motion to Renew its Motion for Sanctions 72 . Because Plaintiffs Response contained Plaintiff's |

| | | | |
|---|---|---|---|
| | | | personal information, including her social security number and tax return information, the Court directed the Clerk to seal Plaintiff's response until the Court could review the information in detail. After review, Plaintiff's personal information is only contained in Exhibit 1 filed in conjunction with her response. Accordingly, the Court directs the Clerk to unseal Plaintiff's Response to Defendant's Motion to Review Its Motion for Sanctions 72 , including all attached Exhibits, with the exception of Exhibit 1 [72−1] which shall remain under seal. (DS, ilcd) (Entered: 12/18/2017) |
| 12/21/2017 | 73 | | RESPONSE to Motion re 69 MOTION to Supplement 68 MOTION for Sanctions *under Rule 37 (Renewed)* filed by Plaintiff Edith McCurry. (Attachments: # 1 Exhibits) (TC, ilcd) (Entered: 12/21/2017) |
| 12/22/2017 | 74 | | Second MOTION to Supplement 68 MOTION for Sanctions *under Rule 37 (Renewed) or Request for an Evidentiary Hearing* by Defendants Tammi Fowler, David Jabaley, Kenco Logistic Services LLC, Mario Lopez, Mike Manzello, Lori Varvel, Kelvin Walsh. Responses due by 1/5/2018 (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Moran, Jody) (Entered: 12/22/2017) |
| 01/05/2018 | 75 | | RESPONSE to Motion re 74 Second MOTION to Supplement 68 MOTION for Sanctions under Rule 37 (Renewed) or Request for an Evidentiary Hearing filed by Plaintiff Edith McCurry. (SKR, ilcd) (Entered: 01/05/2018) |
| 01/29/2018 | | | Minute Entry for proceedings held 1/29/2018 before Magistrate Judge Eric I. Long. Appearance of the plaintiff Edith McCurry. Appearance for the defendant by Julia Argenteri. Status Conference held by telephone. Status of discovery discussed. Further Status Conference set for 3/14/2018 at 10:15 AM by telephone from Urbana (court will place call) before Magistrate Judge Eric I. Long. (Tape #UR−B 10:04 AM.) (DS, ilcd) (Entered: 01/29/2018) |
| 03/05/2018 | 76 | | ORDER entered by Magistrate Judge Eric I. Long on 3/5/2018. Defendants' Second Motion to Supplement 74 is DENIED. Defendants' Renewed Motion for Sanctions Under Rule 37 68 is GRANTED in part and DENIED in part. See written Order. (DS, ilcd) (Entered: 03/05/2018) |
| 03/14/2018 | | | Minute Entry for proceedings held 3/14/2018 before Magistrate Judge Eric I. Long. Appearance of the plaintiff, Edith McCurry. Appearance for the defendant by Julia Argenteri and Kimberly Overbaugh. Status Conference held by telephone. Status of case and discovery discussed. Discovery will close with the exception of the deposition of Edith McCurry. Motion deadline extended to 5/21/2018. (Motions due by 5/21/2018) (Tape #UR−B 10:22 AM.) (DS, ilcd) (Entered: 03/14/2018) |
| 03/21/2018 | 77 | | MOTION to Bar Plaintiff from Seeking Damages Beyond Nominal Damages Pursuant to Court's March 5, 2018 Order by Defendants Tammi Fowler, David Jabaley, Kenco Logistic Services LLC, Mario Lopez, Mike Manzello, Lori Varvel, Kelvin Walsh. Responses due by 4/4/2018 (Attachments: # 1 Exhibit A)(Moran, Jody) (Entered: 03/21/2018) |
| 03/22/2018 | 78 | | MOTION to Bar Plaintiff from Seeking Damages Beyond Nominal Damages Pursuant to Court's March 5, 2018 Order re 76 Order on Motion for Sanctions, Order on Motion to Supplement,, by Defendant Mars Inc. Responses due by 4/5/2018 (Overbaugh, Kimberly) (Entered: 03/22/2018) |

| 03/23/2018 | 79 | | MOTION to Compel Discovery From Defendants Lori Varvel, Mike Manzello, Kelvin Walsh, David Jabaley, Tammi Fowler, Mario Lopez & Kenco Logistics by Plaintiff Edith McCurry. Responses due by 4/9/2018. (Attachments: # 1 Exhibit I, # 2 Exhibit II, # 3 Exhibit III)(DS, ilcd) (Entered: 03/26/2018) |
|---|---|---|---|
| 03/23/2018 | 80 | | Exhibit re 79 MOTION to Compel by Edith McCurry. (Attachments: # 1 Exhibit B, # 2 Exhibit C, # 3 Exhibit D, # 4 Exhibit E, # 5 Exhibit F, # 6 Exhibit G, # 7 Exhibit H, # 8 Exhibit I, # 9 Exhibit J, # 10 Exhibit K, # 11 Exhibit L, # 12 Exhibit M, # 13 Exhibit N)(DS, ilcd) (Entered: 03/26/2018) |
| 03/23/2018 | 81 | | Exhibit re 79 MOTION to Compel by Edith McCurry. (Attachments: # 1 Exhibit 2, # 2 Exhibit 3, # 3 Exhibit 4, # 4 Exhibit 5, # 5 Exhibit 6, # 6 Exhibit 7, # 7 Exhibit 8, # 8 Exhibit 9, # 9 Exhibit 10, # 10 Exhibit 11, # 11 Exhibit 12, # 12 Exhibit 13, # 13 Exhibit 14, # 14 Exhibit 15, # 15 Exhibit 16, # 16 Exhibit 17, # 17 Exhibit 18, # 18 Exhibit 19, # 19 Exhibit 20)(DS, ilcd) (Entered: 03/26/2018) |
| 03/23/2018 | 82 | | Exhibit re 79 MOTION to Compel by Edith McCurry. (Attachments: # 1 Exhibit 22, # 2 Exhibit 23, # 3 Exhibit 24, # 4 Exhibit 25, # 5 Exhibit 26, # 6 Exhibit 27, # 7 Exhibit 28, # 8 Exhibit 29, # 9 Exhibit 30, # 10 Exhibit 31, # 11 Exhibit 32, # 12 Exhibit 33, # 13 Exhibit 34, # 14 Exhibit 35, # 15 Exhibit 36, # 16 Exhibit 37, # 17 Exhibit 38, # 18 Exhibit 39, # 19 Exhibit 40)(DS, ilcd) (Entered: 03/26/2018) |
| 03/23/2018 | 83 | | Exhibit re 79 MOTION to Compel by Edith McCurry. (Attachments: # 1 Part 2, # 2 Part 3, # 3 Part 4, # 4 Part 5 Part 1, # 5 Part 5 Part 2, # 6 Part 5 Part 3, # 7 Exhibit 42, # 8 Exhibit 43, # 9 Exhibit 44, # 10 Exhibit 45 Part 1, # 11 Exhibit 45 Part 2, # 12 Exhibit 46, # 13 Exhibit 47, # 14 Exhibit 48, # 15 Exhibit 49, # 16 Exhibit 50, # 17 Exhibit 51, # 18 Exhibit 52, # 19 Exhibit 53, # 20 Exhibit 54, # 21 Exhibit 55, # 22 Exhibit 56, # 23 Exhibit 57, # 24 Exhibit 58, # 25 Exhibit 59, # 26 Exhibit 60, # 27 Exhibit 61, # 28 Exhibit 62, # 29 Exhibit 63, # 30 Exhibit 64, # 31 Exhibit 65, # 32 Exhibit 66, # 33 Exhibit 67)(DS, ilcd) (Entered: 03/26/2018) |
| 03/23/2018 | 84 | | MOTION for Leave to File Additional Exhibit Under Seal by Plaintiff Edith McCurry. Responses due by 4/9/2018. (DS, ilcd) (Entered: 03/26/2018) |
| 04/02/2018 | 85 | | RESPONSE to Motion re 79 MOTION to Compel *and Renewed Request for Sanctions* filed by Defendants Tammi Fowler, David Jabaley, Kenco Logistic Services LLC, Mario Lopez, Mike Manzello, Lori Varvel, Kelvin Walsh. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Moran, Jody) (Entered: 04/02/2018) |
| 04/05/2018 | 86 | | MOTION to Compel by Plaintiff Edith McCurry. Responses due by 4/19/2018. (Attachments: # 1 Exhibit)(DS, ilcd) Modified on 4/6/2018 as to defendant Mars Inc (KM, ilcd). (Entered: 04/05/2018) |
| 04/05/2018 | 87 | | RESPONSE to Motion re 78 MOTION to Bar Plaintiff from Seeking Damages and re 77 MOTION to Bar Plaintiff from Seeking Damages filed by Plaintiff Edith McCurry. (Attachments: # 1 Exhibit)(DS, ilcd) (Entered: 04/05/2018) |
| 04/06/2018 | 88 | | MOTION for Leave to File Documents for Court's Review Under Seal in Support of pla's Motion to Compel defendant Mars Inc in Compliance to the Court's Order of Protection by Plaintiff Edith McCurry. Responses due by 4/20/2018. (KM, ilcd) (Entered: 04/06/2018) |

| 04/06/2018 | 89 | | **+++ SEALED EXHIBITS (part 1)** with regard to Motion to Compel Discovery 86 from Defendant Mars Inc (Attachments: # 1 Exhibits Part 2, # 2 Exhibits Part 3, # 3 Exhibits Part 4, # 4 Exhibits Part 5)(KM, ilcd) **(Entered: 04/06/2018)** |
|---|---|---|---|
| 04/06/2018 | 90 | | MOTION for Leave to File Documents for Court's Review Under Seal in Support of pla's Motion to Compel defendants Varvel, Lopez, Walsh, Manzello, Fowler, Jabaley, and Kenco in Compliance to the Court's Order of Protection by Plaintiff Edith McCurry. Responses due by 4/20/2018. (KM, ilcd) (Entered: 04/06/2018) |
| 04/06/2018 | 91 | | **+++ SEALED EXHIBITS (part 1)** with regard to Motion to Compel Discovery 79 from Defendants Varvel, Lopez, Walsh, Manzello, Fowler, Jabaley, and Kenco (Attachments: # 1 Exhibits Part 2, # 2 Exhibits Part 3, # 3 Exhibits Part 4, # 4 Exhibits Part 5, # 5 Exhibits Part 6)(KM, ilcd) **(Entered: 04/06/2018)** |
| 04/10/2018 | 92 | | ORDER entered by Magistrate Judge Eric I. Long on 4/10/2018. The Kenco Defendants' Motion to Bar Plaintiff from Seeking Damages Beyond Nominal Damages Pursuant to Court's March 5, 2018 Order 77 and Defendant Mars Incorporated's Motion to Bar Plaintiff from Seeking Damages Beyond Nominal Damages Pursuant to court's March 5, 2018 Order 78 are DENIED. See written Order. (DS, ilcd) (Entered: 04/10/2018) |
| 04/13/2018 | 93 | | REPLY to Response to Motion re 79 MOTION to Compel and Renewed Motion for Sanctions filed by Plaintiff Edith McCurry. (JMB, ilcd) (Entered: 04/13/2018) |
| 04/17/2018 | 94 | | RESPONSE to Motion re 86 MOTION to Compel filed by Defendant Mars Inc. (Attachments: # 1 Exhibit Ex A Mars Initial Discl, # 2 Exhibit Ex B Plaintiff's March 6 2018 letter, # 3 Exhibit Ex C Mars March 16 2018 letter, # 4 Text of Proposed Order Proposed Order)(Overbaugh, Kimberly) (Entered: 04/17/2018) |
| 04/19/2018 | 95 | | OBJECTION to Defendants' Counsel's Phone Conference/Communication with Judge Long Regarding the April 18, 2018 Deposition, filed by Edith McCurry. (Attachments: # 1 Exhibits) (TC, ilcd) (Entered: 04/19/2018) |
| 04/19/2018 | 96 | | MOTION to Bar/Exclude Defendants Evidence by Plaintiff Edith McCurry. Responses due by 5/3/18. (Attachments: # 1 Exhibits) (TC, ilcd) (Entered: 04/19/2018) |
| 04/20/2018 | | | TEXT ORDER entered by Magistrate Judge Eric I. Long on 4/20/2018. Plaintiff's Motion to Bar/Exclude Defendants' Evidence 96 is DENIED. Plaintiff may raise her arguments for excluding evidence that she believes was not timely disclosed as a motion in limine in advance of trial after dispositive motions (if any) have been ruled upon. (DS, ilcd) (Entered: 04/20/2018) |
| 04/25/2018 | 97 | | MOTION for Extension of Time to File *Motion to Extend Dispositive Motion Deadline* by Defendant Mars Inc. Responses due by 5/9/2018 (Attachments: # 1 Exhibit Ex A Email dated April 17, 2018, # 2 Exhibit Ex B Notice of Deposition, # 3 Text of Proposed Order Proposed Order)(Overbaugh, Kimberly) (Entered: 04/25/2018) |
| 04/26/2018 | | | |

|  |  |  |  |
|---|---|---|---|
|  |  |  | TEXT ORDER entered by Judge Colin Stirling Bruce on 4/26/2018. Defendant's 97 Motion for Extension of Time is GRANTED. The dispositive motion deadline is extended until June 21, 2018. (Motions due by 6/21/2018.)(DS, ilcd) (Entered: 04/26/2018) |
| 05/01/2018 | 98 |  | MOTION to Compel *Text Messages that McCurry Identified During Her Deposition, but Refused to Produce* by Defendants Tammi Fowler, David Jabaley, Kenco Logistic Services LLC, Mario Lopez, Mike Manzello, Lori Varvel, Kelvin Walsh. Responses due by 5/15/2018 (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Moran, Jody) (Entered: 05/01/2018) |
| 05/01/2018 | 99 |  | Response by Tammi Fowler, David Jabaley, Kenco Logistic Services LLC, Mario Lopez, Mike Manzello, Lori Varvel, Kelvin Walsh re 95 Objection . (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Moran, Jody) (Entered: 05/01/2018) |
| 05/10/2018 | 100 |  | OBJECTION to Text Order on Motion for Extension of Time to File, dated 4/26/2018 by Edith McCurry. (DS, ilcd) (Entered: 05/10/2018) |
| 05/10/2018 | 101 |  | Motion/Request for Judicial Notice by Plaintiff Edith McCurry. Responses due by 5/24/2018. (DS, ilcd) (Entered: 05/10/2018) |
| 05/11/2018 | 102 |  | ORDER entered by Magistrate Judge Eric I. Long on 5/11/2018. Plaintiff's Motions to Compel 79 and 86 are DENIED. Plaintiff's Motions for Leave to File Exhibits Under Seal 84 , 88 , 90 are DENIED as moot. See written Order. (DS, ilcd) (Entered: 05/11/2018) |
| 05/11/2018 | 103 |  | MOTION to Compel *Plaintiff's Deposition & Extend Dispositive Motion Deadline* by Defendant Mars Inc. Responses due by 5/25/2018 (Attachments: # 1 Exhibit Ex A Notice of Deposition, # 2 Exhibit Ex B UPS Next Day Air Delivery Notification, # 3 Exhibit Ex C Text Message to Ms. McCurry, # 4 Exhibit Ex D Email to Ms McCurry re: Deposition, # 5 Exhibit Ex E May 2, 2018 ltr to Ms. McCurry, # 6 Exhibit Ex F Fax from Ms. McCurry dated May 9, 2018, # 7 Text of Proposed Order Proposed Order)(Overbaugh, Kimberly) (Entered: 05/11/2018) |
| 05/11/2018 | 104 |  | MOTION for Leave to File Document Under Seal by Defendant Mars Inc. Responses due by 5/25/2018 (Attachments: # 1 Text of Proposed Order Proposed Order)(Overbaugh, Kimberly) (Entered: 05/11/2018) |
| 05/11/2018 | 105 |  | **+++ SEALED DOCUMENT.. (Overbaugh, Kimberly) (Entered: 05/11/2018)** |
| 05/11/2018 |  |  | TEXT ORDER entered by Magistrate Judge Eric I. Long on 5/11/18. On May 10, 2018, Plaintiff filed a Motion for Judicial Notice 101 asking the Court to take judicial notice of what Plaintiff alleges are various violations of the Federal Rules of Civil Procedure, as well as "schemes and antics directed toward Plaintiff" and "attacks on the judicial system." Pursuant to Federal Rule of Evidence 201(b), the Court may take judicial notice of a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Plaintiff's request does not satisfy Rule 201 as the "facts" that she asks the Court to take judicial notice of are subject to reasonable dispute, are not generally known within the Court's territorial jurisdiction, and cannot be accurately and readily |

| | | | |
|---|---|---|---|
| | | | determined from sources whose accuracy cannot reasonably be questioned. Accordingly, Plaintiff's Motion for Judicial Notice 101 is DENIED. (KM, ilcd) (Entered: 05/11/2018) |
| 05/15/2018 | 106 | | RESPONSE to Motion re 103 MOTION to Compel *Plaintiff's Deposition & Extend Dispositive Motion Deadline* filed by Plaintiff Edith McCurry. (Attachments: # 1 Exhibit A)(KE, ilcd) (Entered: 05/15/2018) |
| 05/15/2018 | 107 | | MOTION to Supplement 100 Objection by Plaintiff Edith McCurry. Responses due by 5/29/2018 (Attachments: # 1 Exhibit A, # 2 Exhibit B)(KE, ilcd) (Entered: 05/15/2018) |
| 05/16/2018 | | | TEXT ORDER entered by Magistrate Judge Eric I. Long on 5/16/2018. At the request of the Court this case is set for a Status Conference on May 21, 2018, at 1:30 P.M. by telephone from Urbana (Court will place call) before Magistrate Judge Eric I. Long. (JMB, ilcd) (Entered: 05/16/2018) |
| 05/21/2018 | 108 | | RESPONSE in Opposition to Defendant Mars Incorporated's 103 MOTION to Compel *Plaintiff's Deposition & Extend Dispositive Motion Deadline* filed by Plaintiff Edith McCurry. (Attachments: # 1 Exhibits). (KM, ilcd) (Entered: 05/21/2018) |
| 05/21/2018 | | | Minute Entry for proceedings held 5/21/2018 before Magistrate Judge Eric I. Long. Appearance of plaintiff Edith McCurry by phone. Appearances on behalf of defendants by Jody Moran, Julia Argentieri and Thomas Davies by phone. Status hearing held. Pending motions discussed. Motion to Compel Text Messages 98 is denied based on Ms. McCurry's representations. If any of the representations are determined to be false, sanctions will be imposed. Motion to Compel Plaintiff's Deposition 103 is granted. Plaintiff is ordered to submit to a deposition on 5/30/18 at 11:00 AM by personal appearance at the Jackson Lewis Law Office, 150 North Michigan Avenue, Suite 2500, Chicago, IL 60601. Motion to Extend Dispositive Motion Deadline 103 is denied. The dispositive motion deadline remains 6/21/18. Motion for Leave to File Document Under Seal 104 is granted. Motion to Supplement 107 is granted in part and denied in part as stated on the record. (Tape #UR–B 1:31 PM.) (DS, ilcd) (Entered: 05/21/2018) |
| 06/20/2018 | 109 | | MOTION for Summary Judgment by Defendant Mars Inc. Responses due by 7/11/2018 (Attachments: # 1 Text of Proposed Order Proposed Order)(Overbaugh, Kimberly) (Entered: 06/20/2018) |
| 06/20/2018 | 110 | | MEMORANDUM in Support re 109 MOTION for Summary Judgment filed by Defendant Mars Inc. (Attachments: # 1 Exhibit Ex A Warehouse Management Agreement, # 2 Exhibit Ex B Declaration of Todd Moore, # 3 Exhibit Ex C Deposition of Edith McCurry 4–18–18, # 4 Exhibit Ex D Deposition of Edith McCurry 5–30–18)(Overbaugh, Kimberly) (Entered: 06/20/2018) |
| 06/20/2018 | 111 | | RULE 56 NOTICE entered to pro se plaintiff Edith McCurry re 109 MOTION for Summary Judgment . (KM, ilcd) (Entered: 06/20/2018) |
| 06/21/2018 | 112 | | MOTION for Summary Judgment by Defendants Tammi Fowler, David Jabaley, Kenco Logistic Services LLC, Mario Lopez, Mike Manzello, Lori Varvel, Kelvin Walsh. Responses due by 7/12/2018 (Moran, Jody) (Entered: 06/21/2018) |

| 06/21/2018 | 113 | | MEMORANDUM *in Support of Their Motion for Summary Judgment* re 112 MOTION for Summary Judgment by Tammi Fowler, David Jabaley, Kenco Logistic Services LLC, Mario Lopez, Mike Manzello, Lori Varvel, Kevin Walsh. (Attachments: # 1 Exhibit A (Part 1 of 2), # 2 Exhibit A (Part 2 of 2), # 3 Exhibit B)(Moran, Jody) Modified on 6/21/18 to add Kevin Walsh per Defendant's request. (TC, ilcd). (Entered: 06/21/2018) |
| --- | --- | --- | --- |
| 06/21/2018 | 114 | | RULE 56 NOTICE entered re 112 MOTION for Summary Judgment to plaintiff Edith McCurry. (DS, ilcd) (Entered: 06/21/2018) |
| 07/10/2018 | 115 | | MOTION for Extension of Time to File Response as to 112 MOTION for Summary Judgment by Plaintiff Edith McCurry. Responses due by 7/24/2018. (DS, ilcd) (Entered: 07/10/2018) |
| 07/10/2018 | | | TEXT ORDER entered by Judge Colin Stirling Bruce on 7/10/2018. Plaintiff's 115 Motion for Extension of Time to Respond to Defendants' 109 and 112 Motions for Summary Judgment is granted. Plaintiff has until July 23, 2018 to file her responses. Any future request for an additional extension of time to respond to the motions will be denied. (Responses due by 7/23/2018) (DS, ilcd) (Entered: 07/10/2018) |
| 07/16/2018 | 116 | | PRETRIAL ORDER entered by Judge Colin Stirling Bruce on 7/16/2018. This matter is scheduled for a final pretrial conference by personal appearance before the undersigned on 9/10/2018 at 11:00 a.m., in Courtroom A. All motions in limine or any other pretrial motions must be filed with the Court by the close of business on August 20, 2018. Any responses to those motions must be filed by the close of business on August 31, 2018. This matter is set for jury selection and jury trial on 9/18/2018 at 9:00 a.m., in Courtroom A. See written Order. (DS, ilcd) (Entered: 07/16/2018) |
| 07/18/2018 | | | Set/Reset Hearings: Jury Trial set for 9/18/2018 at 9:00 AM in Courtroom A in Urbana before Judge Colin Stirling Bruce. (DS, ilcd) (Entered: 07/18/2018) |
| 07/26/2018 | 117 | | RESPONSE to Motion re 109 MOTION for Summary Judgment , 112 MOTION for Summary Judgment filed by Plaintiff Edith McCurry. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit Ba, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O, # 16 Exhibit P, # 17 Exhibit Q, # 18 Exhibit R, # 19 Exhibit S, # 20 Exhibit T, # 21 Exhibit U, # 22 Exhibit V, # 23 Exhibit Y) (Additional Exhibits to be filed separately.) (TC, ilcd) (Entered: 07/26/2018) |
| 07/26/2018 | 118 | | Exhibit BB re 117 Response to Motion 109 , by Edith McCurry. (Attachments: # 1 Exhibit FF, # 2 Exhibit GG, # 3 Exhibit HH, # 4 Exhibit II, # 5 Exhibit KK, # 6 Exhibit LL, # 7 Exhibit MM, # 8 Exhibit NN, # 9 Exhibit OO, # 10 Exhibit RR, # 11 Exhibit UU, # 12 Exhibit XX, # 13 Exhibit ZZ) (Additional Exhibits to be filed separately.) (TC, ilcd) (Entered: 07/27/2018) |
| 07/26/2018 | 119 | | Exhibit Declaration of Leonard Szplett re 117 Response to Motion 109 , by Edith McCurry. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 5, # 5 Exhibit 6, # 6 Exhibit 9, # 7 Exhibit 10, # 8 Exhibit 20, # 9 Declaration of Edith McCurry, # 10 Exhibit 1, # 11 Exhibit 2, # 12 Exhibit 3, # 13 Exhibit 4, # 14 Exhibit 5, # 15 Exhibit 6, # 16 Exhibit 7, # 17 Exhibit 8, # 18 Exhibit 12, # 19 Exhibit 20, # 20 Exhibit 22, # 21 Exhibit 25) (Additional Exhibits to be filed separately.) (TC, ilcd) (Entered: 07/27/2018) |

| 07/26/2018 | 120 | | Exhibit Declaration of Anthony Willis re 117 Response to Motion 109 , by Edith McCurry. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Declaration of Todd Moore, # 5 Exhibit A, # 6 Exhibit B, # 7 Exhibit C, # 8 Exhibit D, # 9 Exhibit E, # 10 Envelope postmarked 7/23/18 for 117 118 119 120 .) (TC, ilcd) (Entered: 07/27/2018) |
|---|---|---|---|
| 07/31/2018 | 121 | | REPLY to Response to Motion re 112 MOTION for Summary Judgment filed by Defendants Tammi Fowler, David Jabaley, Kenco Logistic Services LLC, Mario Lopez, Mike Manzello, Lori Varvel, Kelvin Walsh. (Moran, Jody) (Entered: 07/31/2018) |
| 08/01/2018 | 122 | | MOTION in Limine to Exclude Defendant Mars' Deposition of Edith McCurry and the Declaration of Todd Moore. by Plaintiff Edith McCurry. Responses due by 8/15/2018. (DS, ilcd) (Entered: 08/01/2018) |
| 08/01/2018 | 123 | | MOTION in Limine to Exclude Defendant Kenco's Deposition of Edith McCurry and the Medical Records from Dr. Troupe, Gulati and Cosey by Plaintiff Edith McCurry. Responses due by 8/15/2018. (Attachments: # 1 Exhibit)(DS, ilcd) (Entered: 08/01/2018) |
| 08/14/2018 | 124 | | RESPONSE to Motion re 122 MOTION in Limine filed by Defendant Mars Inc. (Attachments: # 1 Exhibit Ex 1 Declaration of Kimberly J. Overbaugh)(Overbaugh, Kimberly) (Entered: 08/14/2018) |
| 08/14/2018 | 125 | 23 | ORDER entered by Judge Colin Stirling Bruce on 8/14/2018. Defendants' Motion for Summary Judgment 109 , 112 are both GRANTED in full. Judgment is entered in favor of Defendants and against Plaintiff. The final pretrial date of 9/10/2018 and the jury trial date of 9/18/2018 are VACATED. All other pending motions are denied as MOOT. This case is terminated. See written Order. (DS, ilcd) (Entered: 08/14/2018) |
| 08/14/2018 | 126 | 43 | JUDGMENT entered in favor of Kenco Logistic Services LLC, Mars Inc, David Jabaley, Kelvin Walsh, Lori Varvel, Mario Lopez, Mike Manzello, Tammi Fowler and against Edith McCurry. (DS, ilcd) (Entered: 08/14/2018) |
| 08/28/2018 | 127 | | MOTION for Reconsideration re 125 Order on Motion for Summary Judgment by Plaintiff Edith McCurry. Responses due by 9/11/2018. (Attachments: # 1 Exhibit Local Rules, # 2 Exhibit Local Rules)(DS, ilcd) (Entered: 08/28/2018) |
| 09/11/2018 | 128 | | RESPONSE to Motion re 127 MOTION for Reconsideration re 125 Order on Motion for Summary Judgment,,,, Order on Motion in Limine,,, filed by Defendants Tammi Fowler, David Jabaley, Kenco Logistic Services LLC, Mario Lopez, Mike Manzello, Lori Varvel, Kelvin Walsh. (Moran, Jody) (Entered: 09/11/2018) |
| 09/17/2018 | 129 | 44 | ORDER entered by Judge Colin Stirling Bruce on 9/17/2018. Plaintiff's Motion to Reconsider 127 is DENIED. This case remains closed. See written Order. (DS, ilcd) (Entered: 09/17/2018) |
| 10/17/2018 | 130 | 21 | NOTICE OF APPEAL as to 129 Order on Motion for Reconsideration by Edith McCurry. Filing fee $505; paid. Receipt #24626008159 and #24626008160. (DS, ilcd) (Entered: 10/17/2018) |
| 10/17/2018 | | | USCA Appeal Fees received $220.00 receipt number 24626008159 re 130 Notice of Appeal filed by Edith McCurry. (DS, ilcd) (Entered: 10/17/2018) |

| 10/17/2018 | | | USCA Appeal Fees received $285.00 receipt number 24626008160 re 130 Notice of Appeal filed by Edith McCurry. (DS, ilcd) (Entered: 10/17/2018) |

Case 2:16-cv-02273-CSB-EIL # 131 Page 1 of 2 Filed 10/17/18 Page 1 of 2
Case: 18-3206      Document: 1-1      Filed: 10/17/2018      Pages: 51

E-FILED
Wednesday, 17 October, 2018 10:46:48 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION



Edith McCurry
_____
Plaintiff

V

Case number : 16 CV 2273

Kenco Logistics, et al
_____
Defendant

## NOTICE OF APPEAL

I, Edith McCurry _____ (plaintiff) do hereby appeal the decision of this

Court entered on September 17, 2018.

Signed   *Edith McCurry*

Address: 6239 S. 13110 East Rd.
Prembroke, IL 60958
815-735-4281

| Peoria Division | Urbana Division | Springfield Division | Rock Island Division |
|---|---|---|---|
| 100 N.E. Monroe St. | 201 S. Vine St. | 600 E. Monroe St. | 211 19th St. |
| Room 309 | Room 218 | Room 151 | Room 40 |
| Peoria, IL 61602 | Urbana, IL 61802 | Springfield, IL 62701 | Rock Island, IL 61201 |
| 309.671.7117 | 217.373.5830 | 217.492.4020 | 309.793.5778 |

21

<u>CERTIFICATE OF SERVICE</u>

Please take notice that on October 17, 2018, I, EDITH MCCURRY, hereby, certify that I did file a

Notice of Appeal with the Central District of Illinois Urbana Division in the foregoing matter of Case

No. 16-cv-02273-CSB-EIL and have served the persons identified on the docket's service list through

Notice of Electronic Filing generated by the Court's CM/ECF system.

_Edith McCurry_
_____
Pro Se
EDITH MCCURRY
6239 South 13110 East Rd.
Pembroke Township, IL 60958
815-735-4281

E-FILED
Tuesday, 14 August, 2018 01:14:20 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### URBANA DIVISION

| | | |
|---|---|---|
| **EDITH MCCURRY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. 16-CV-2273** |
| | ) | |
| **KENCO LOGISTICS SERVICES, MARS** | ) | |
| **INC., KELVIN WALSH, MIKE** | ) | |
| **MANZELLO, DAVID JABALEY, TAMMI** | ) | |
| **FOWLER, LORI VARVEL, and** | ) | |
| **MARIO LOPEZ,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

Defendant Mars, Inc. filed a Motion for Summary Judgment (#109) on June 20, 2018. The other Defendants, Kenco Logistics Services, Kelvin Walsh, Mike Manzello, David Jabaley, Tammi Fowler, Lori Varvel, and Mario Lopez, (collectively, "Kenco Defendants") filed their Motion for Summary Judgment (#112) on June 21, 2018.

*Pro se*[1] Plaintiff Edith McCurry filed her Response (#117) on July 26, 2018. While the Response was filed late, it appears to have been mailed on the due date. In its discretion, because the Response was mailed on the due date, the court will exercise lenience and will consider it.

---

[1]Plaintiff claims to be representing herself at this time. She stated in a deposition that she previously had an attorney, Jordan Hoffman, to whom she owes over $75,000 for work on the administrative charge which led to this case. She also asked Hoffman for help regarding an expert and damages, and did not know if she had asked him for additional assistance.

However, the court will not consider two Motions in Limine (#122, #123) that
Plaintiff filed on August 1, 2018.  To the extent that the Motions in Limine respond to
Defendants' motions for summary judgment by seeking to exclude evidence from being
considered at the summary judgment stage, the court notes that Plaintiff's Response
was due on July 23, 2018, and filed on July 26, 2018.  Any arguments responsive to the
Defendants' Motions for Summary Judgment should have been included in that
response.  While the court is willing to consider the late Response that was mailed on
the due date, the court will not allow the even later, piecemeal addition of arguments.

The Kenco Defendants' Reply (#121) was filed on July 31, 2018.  For the
following reasons, Defendants' Motions for Summary Judgment (#109, 112) are
GRANTED in full.

## I.  FACTS[2]

Defendant Kenco Logistics is a third-party logistics company engaged in the
business of transportation management, distribution, material handling, and related
services.  Defendants Kelvin Walsh, David Jabeley, Mario Lopez, Tammi Fowler, Lori
Varvel, and Mike Manzello are supervisors or managers for Kenco.

On April 21, 2013, Kenco began performing logistics services for Defendant
Mars, Inc., at Mars' warehouse located in Manteno, Illinois, pursuant to the terms of a

---

[2]Even *pro se* parties must comply with the court's local rules.  *Garcia v. Illinois
State Police*, 545 F. Supp. 2d 823, 836 (C.D. Ill. 2015).  Plaintiff's Response fails to comply
with Rule 7.1(D) of the Local Rules of the Central District of Illinois.  Pursuant to Local
Rule 7.1(D)(2)(b)(6), Defendants' Facts are deemed admitted.  And, due to the extent of
its non-compliance with Local Rule 7.1(D)(2), this court will not attempt to glean any
additional material facts from Plaintiff's Response.

2

written agreement with Mars.  Kenco operated as an independent contractor, providing warehouse management services at Mars' Manteno facility.  Under the terms of the agreement, Kenco had exclusive authority with respect to its employment policies, promotions, discipline, and termination.  Under the written agreement, Kenco itself was not an employee of Mars, nor were Kenco's employees.  Kenco was responsible for the day-to-day operations of the warehouse.  Kenco had policies in place to prohibit discrimination and harassment, including requiring reasonable medical accommodations to qualified individuals.

Kenco hired all of the individuals who worked at the Manteno facility.  They were all employees of Kenco, managed by Kenco.  Kenco hired Plaintiff, Edith McCurry, who is black and was born in 1962, as a Human Resources Administrator for the Manteno Mars facility.  She began working for Kenco effective April 21, 2013.  She filled out a Kenco Employee New Hire Form, not a Mars form.  She does not remember ever receiving any employment paperwork from Mars.

Plaintiff's duties were clerical, and included handling payroll, generating reports, assisting with employee relations, and other related duties.  She never supervised employees, nor was she responsible for investigating complaints.

Kenco hired Plaintiff from the Manteno facility's predecessor management company.  Kenco also hired a Human Resources manager, Leonard Szplett, from the predecessor management company.  Szplett, with both accounting and Human Resources duties, conducted Plaintiff's performance reviews.  No Mars employee ever

3

evaluated Plaintiff's performance.  Kenco paid Plaintiff and Szplett at similar rates of

pay to their prior salaries, with Szplett earning more than Plaintiff.

On October 17, 2014, Kenco hired Lori Varvel, who was born in 1980, as a

Human Resources Manager.  Plaintiff did not apply for the position.  Varvel started

working for Kenco on November 10, 2014, and she became Plaintiff's supervisor at that

time.  Varvel would approve McCurry's requests for overtime when necessary.  Varvel

also supervised Valerie Lillie.  Prior to working at Kenco, Varvel worked as a Human

Resources Manager for Sears Logistics Services at a salary of $73,600, overseeing

policies, supervising other Human Resources employees, and investigating complaints

of harassment and discrimination.  Kenco hired her at a similar rate of pay to her prior

salary.

Varvel took on some of Plaintiff's duties concerning employee relations matters,

but Plaintiff's pay did not change.  Prior to Varvel's hiring, McCurry simply passed on

complaints to Tammi Fowler, in Kenco's corporate office, to investigate.

Plaintiff received a write-up, filled out by Varvel, on December 19, 2014.  It

appeared to Kenco that Plaintiff had worked until 6:39 p.m. after clocking out at 5:00

p.m. on December 9, in violation of company timekeeping policy.  Plaintiff admits that

she stayed at the Manteno facility until 6:39 p.m. that day, but does not recall what she

was doing there.  The write-up warned Plaintiff for working 1.5 hours of overtime

without authorization, misrepresenting her hours worked, and failing to report the

correct hours worked.  Plaintiff is unaware of any other Kenco employees who worked

unapproved overtime or misrepresented their hours, but did not receive a write-up.  No

one from Mars was involved in the write-up.

On January 7, 2015, McCurry filed a charge with the Illinois Department of

Human Rights ("IDHR").  She was approved by Kenco for a job-protected medical

leave of absence under the FMLA beginning on January 25, 2015.  She did not interact

with Mars regarding the leave of absence.  On January 29, 2015, Kenco mailed notice to

all of its employees at the Manteno facility to inform them that all Manteno employees

were being terminated effective March 29, 2015, because Kenco lost its contract with

Mars.  Plaintiff maintains that she is still medically unable to work, and she has not

worked since January 25, 2015.

After her termination, Plaintiff signed up for COBRA.  She stated in her

deposition that her COBRA costs changed a few times, and she did not receive open

enrollment paperwork on one occasion.  Her disability benefits were reduced after a

third-party benefits administrator issued a determination that Plaintiff was capable of

working 20 hours per week.

Plaintiff's coworker, Mary Madison, filed a charge with the IDHR.  Kenco did not

ask Plaintiff to be a witness in that case.  Kenco hired in-house legal counsel to defend

against Plaintiff's lawsuit, an action Plaintiff alleges is a conspiracy.

Plaintiff alleges that Mars' Regional Distribution Manager Robert Coffey knew

about the hiring of Lori Varvel because Mars did not want to pay Varvel's salary.

Plaintiff alleges that Coffey knew about accidents at the Manteno facility and issues

between two Manteno Kenco employees because Coffey went to morning meetings

5

where he could have learned about those issues.  Plaintiff never attended any morning

meetings when Coffey was present, so she could not be sure what was discussed there.

Coffey was very approachable, so employees were not afraid to talk to him about any

situations that arose.  She did not tell Coffey or anyone else at Mars about any

discrimination against her.

## II.  ANALYSIS

Plaintiff filed her lengthy Complaint (#1) on August 29, 2016.  Following this

court's Order (#39) of February 7, 2017, ruling on motions to dismiss, the only claims

surviving to the summary judgment stage are: (1) a claim against Kenco, under Title VII

of the Civil Rights Act of 1964 ("Title VII"), that Kenco discriminated on the basis of

race and gender; (2) a racial discrimination claim against Kenco, Mars, and the

individual Defendants under 42 U.S.C. § 1981; (3) a claim under the Age Discrimination

in Employment Act (ADEA) against Kenco; (4) a claim under the Americans with

Disabilities Act (42 U.S.C. § 12101 et. seq.) ("ADA") against Kenco; and (5) a federal

conspiracy claim under 42 U.S.C. § 1985(3) against Kenco, Mars, and the individual

Defendants.  The Defendants now seek summary judgment in their favor on all of

Plaintiff's claims.

A.  Summary Judgment Standard

 Summary judgment is appropriate "if the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of

law."  Fed. R. Civ. P. 56(a); see also *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

In ruling on a motion for summary judgment, a district court "has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994). In making this determination, the court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. See *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Singer v. Raemisch*, 593 F.3d 529, 533 (7th Cir. 2010). However, a court's favor toward the nonmoving party does not extend to drawing inferences which are only supported by speculation or conjecture. See *Singer*, 593 F.3d at 533. In addition, this court "need not accept as true a plaintiff's characterization of the facts or a plaintiff's legal conclusion." *Nuzzi v. St. George Cmty. Consol. Sch. Dist. No. 258*, 688 F. Supp. 2d 815, 835 (C.D. Ill. 2010) (emphasis in original).

The party opposing summary judgment may not rely on the allegations contained in the pleadings. *Waldridge*, 24 F.3d at 920. "[I]nstead, the nonmovant must present definite, competent evidence in rebuttal." *Butts v. Aurora Health Care, Inc.*, 387 F.3d 921, 924 (7th Cir. 2004). Summary judgment "is the 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events." *Koszola v. Bd. of Educ. of City of Chicago*, 385 F.3d 1104, 1111 (7th Cir. 2004), quoting *Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892, 901 (7th Cir. 2003). Specifically, to survive summary judgment, the nonmoving party "must make a sufficient showing of evidence for each essential element of its case on which it

bears the burden at trial." *Kampmier v. Emeritus Corp.*, 472 F.3d 930, 936 (7th Cir. 2007), citing *Celotex Corp.*, 477 U.S. at 322-23.

B. Plaintiff's Claims Against the Kenco Defendants

The Kenco Defendants seek summary judgment in their favor on all of Plaintiff's claims against them: (1) racial and gender discrimination under Title VII and § 1981; (2) disability discrimination under the ADEA; (3) age discrimination under the ADA; and (4) conspiracy under 42 U.S.C. § 1985(3).

1. *Discrimination Under Title VII and § 1981*

The court will merge its discussion of the Title VII and § 1981 claims, because the legal analysis is identical for those claims. *Smith v. Chicago Transit Auth.*, 806 F.3d 900, 904 (7th Cir. 2015). Plaintiff's Title VII claim of racial and gender discrimination is against Kenco only. Her § 1981 claim of racial discrimination is against all Kenco Defendants, and Mars. The § 1981 claim against Mars will be discussed separately, below.

The legal standard for determining whether an employment discrimination claim should survive summary judgment is "simply whether the evidence would permit a reasonable factfinder to conclude that the plaintiff's race, ethnicity, sex, religion, or other proscribed factor caused the discharge or other adverse employment action." *Ortiz v. Werner Enters., Inc.*, 834 F.3d 760, 765 (7th Cir. 2016). The court explained:

> Evidence must be considered as a whole, rather than asking whether
> any particular piece of evidence proves the case by itself—or whether
> just the "direct" evidence does so, or the "indirect" evidence. Evidence
> is evidence. Relevant evidence must be considered and irrelevant

8

evidence disregarded, but no evidence should be treated differently
from other evidence because it can be labeled "direct" or "indirect."

*Id.*

The burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792

(1973) provides a formal way to analyze circumstantial evidence in some discrimination

cases.[3]  Under *McDonnell Douglas*, a plaintiff establishes a *prima facie* case of racial

discrimination if she demonstrates, by a preponderance of the evidence, that: (1) she is a

member of a protected class; (2) she was meeting her employer's legitimate

employment expectations; (3) in spite of meeting the legitimate employment

expectations of her employer, she suffered an adverse employment action; and (4) she

was treated less favorably than one or more similarly situated employees who were not

in the protected class. *McDonnell Douglas*, 411 U.S. at 802; *Ferrill*, 860 F.3d at 500.

If Plaintiff makes this *prima facie* showing, the burden shifts to Defendants to

come forward with a legitimate, nondiscriminatory reason for the challenged

employment action and, if Defendants do this, then the burden shifts back to Plaintiff to

produce evidence establishing a genuine dispute of fact about whether Defendants'

reason was a pretext for discrimination.  *Ferrill*, 860 F.3d at 500.  "Pretext" is more than a

mere mistake; it "means a lie"—a "phony reason" for the employment action.  *Ferrill*,

860 F.3d at 500.

---

[3]*Ortiz* did not displace the *McDonnell Douglas* burden-shifting analysis. *Ferrill v.
Oak-Creek Franklin Joint Sch. Dist.*, 860 F.3d 494, 499-500 (7th Cir. 2017).

9

Plaintiff believes she was discriminated against on the basis of her race or gender because: (1) she was paid her less than the white, male Human Resources manager, Leonard Szplett; (2) she received a write-up in December 2014; (3) Kenco hired Lori Varvel as a Human Resources Manager for the Manteno facility instead of promoting Plaintiff to that position; and (4) Plaintiff's duties were reduced when Varvel was hired. Plaintiff also alleges that Defendant Kenco retaliated against her by: (1) not selecting her as a witness when Mary Madison filed an IDHR charge; and (2) hiring Varvel and reducing Plaintiff's duties.

### a. Unequal Pay

Plaintiff has failed to support her allegation that discrimination caused her to be paid less than Szplett. Szplett was not similarly situated to Plaintiff. Unlike Plaintiff, Szplett was a manager. In fact, he was *her* manager. They were both hired from the predecessor management company, and they were hired at similar rates of pay to what they had been earning for that company. Because Plaintiff has not shown that her job entailed equal skill, effort, and responsibility to her manager's job, or that of anyone else who received higher pay, she has failed to make out a *prima facie* case of unequal pay. See *Leong v. SAP America, Inc.*, 67 F. Supp. 3d 972, 985 (N.D. Ill. 2014). Thus, summary judgment in favor of Defendants is proper as to that claim. *Id.*

10

###### b.  Write-Up

Plaintiff received a write-up in December 2014, which she believes was discriminatory.  Defendants argue that the write-up was neither discriminatory nor an adverse action.  The court agrees with both of Defendants' arguments.

Not everything that makes an employee unhappy is an adverse employment action under § 1981 or Title VII.  *Nichols v. S. Illinois Univ.-Edwardsville*, 510 F.3d 772, 780 (7th Cir. 2007).  A materially adverse employment action is something that is more disruptive than a mere inconvenience or an alteration of job responsibilities, because "[o]therwise, minor and even trivial employment actions that an irritable, chip-on-the-shoulder employee did not like would form the basis of a discrimination suit."  *Nichols*, 510 F.3d at 780.  The Seventh Circuit has specifically held that "written reprimands without any changes in the terms or conditions of ... employment are not adverse employment actions." *Lloyd v. Swifty Transp., Inc.*, 552 F.3d 594, 602 (7th Cir. 2009).

Here, Plaintiff has shown no evidence that the write-up changed the terms or conditions of her employment.  Therefore, it is not an adverse employment action.  Moreover, there is no evidence that it was issued because of Plaintiff's race, gender, or any other protected category.  Plaintiff has thus failed to establish a prima facie case, and Defendants are entitled to summary judgment on this claim.

11

c.  Failure to Promote

Plaintiff also argues that she was discriminated against when Kenco hired Lori Varvel as a Human Resources Manager.  Plaintiff did not apply for Varvel's position, but she felt it should have been offered to her.

> To demonstrate a *prima facie* case for failure to promote, a plaintiff must produce evidence showing that: (1) she was a member of a protected class; (2) she was qualified for the position sought; (3) she was rejected for the position; and (4) the employer promoted someone outside of the protected class who was not better qualified for the position.

*Riley v. Elkhart Cmty Sch.*, 829 F.3d 886, 892 (7th Cir. 2016), citing *Jaburek v. Foxx*, 813 F.3d 626, 631 (7th Cir. 2016).  A plaintiff's failure to establish any one of those elements warrants summary judgment for the employer. *Riley*, 829 F.3d at 892.

Plaintiff has not even established that she sought the position in question.  She did not apply for it.  Nor has she established that she was better qualified than Varvel.  Varvel, unlike Plaintiff, had prior managerial experience.  Plaintiff's duties were clerical, and included handling payroll, generating reports, assisting with employee relations, and other related duties.  Plaintiff never supervised employees, nor was she responsible for investigating complaints.  Prior to working at Kenco, Varvel worked as a Human Resources Manager for Sears Logistics Services, overseeing policies, supervising other Human Resources employees, and investigating complaints of harassment and discrimination.

12

In the absence of any evidence that hiring Varvel instead of promoting Plaintiff had anything to do with race, age, or any other protected factor, Defendants are entitled to summary judgment on the failure to promote claim.

### d.  Reduction in Duties

Plaintiff further believes that a reduction in her job duties constituted racial discrimination.  Initially, employees would report incidents to Plaintiff, and Plaintiff would pass on those reports to Tammi Fowler.  After Varvel's hiring, Varvel handled employee relations matters.  Defendants argue that this change in duties was not an adverse employment action.

The court agrees with Defendants.  Plaintiff has not shown some action that is more disruptive than an alteration of job duties, so she has not established an adverse action.  *Nichols*, 510 F.3d at 780.  Nor is there any indication that the decision to have Varvel deal with employee relations matters directly (in place of Plaintiff forwarding complaints to Fowler) had anything to do with Plaintiff's race or any other protected status.  Plaintiff failed to meet her burden of demonstrating a prima facie case.  Defendants are entitled to summary judgment on this claim.

### e.  Retaliation

Plaintiff alleges that Defendant Kenco retaliated against her by: (1) not selecting her as a witness when Mary Madison filed an IDHR charge; and (2) hiring Varvel and reducing Plaintiff's duties.  To make out a *prima facie* claim of retaliation, plaintiff must show that: "(1) she engaged in protected activity; (2) she suffered an adverse

13

employment action; and (3) a causal connection exists between the two." *King v. Ford Motor Co.*, 872 F.3d 833, 841 (7th Cir. 2017). Plaintiff cannot make a *prima facie* case that she suffered an "adverse employment action" with regard to either retaliation allegation.

Kenco's decision not to call Plaintiff in the course of defending itself in an IDHR proceeding has nothing to do with the terms and conditions of Plaintiff's employment. It is not a materially adverse employment action, as it is not even an employment action. Hiring Varvel was not a materially adverse employment action either. While Varvel handled some employee relations matters previously handled by Plaintiff, that minor reduction in duties did not rise to the level of a materially adverse employment action, as discussed above. Nor is there any evidence that Kenco's manner of defending itself before the IDHR or hiring Varvel was in any way related to any protected activity. Summary judgment in favor of the Defendants is warranted on this claim.

### 2. *Discrimination Under the ADEA*

An ADEA claim against Defendant Kenco also survived to the summary judgment stage. The only alleged age discrimination that Plaintiff identifies is Kenco's hiring Varvel, who is younger than Plaintiff, as a Human Resources manager. Plaintiff feels she should have been offered the position even though she did not apply for it. As the court stated above in discussing the failure to promote claim, there is no evidence that hiring Varvel instead of promoting Plaintiff had anything to do with Plaintiff's age. Defendants are entitled to summary judgment on the ADEA claim.

14

### 3. *Discrimination Under the ADA*

The ADA makes it unlawful for an employer to discriminate against a "qualified individual on the basis of disability." 42 U.S.C. § 12112(a).  Plaintiff claims that Defendant Kenco discriminated against her on the basis of disability when, after her termination, her COBRA costs changed and she did not receive COBRA open enrollment paperwork.  Defendant Kenco argues that such actions, even if true, are not attributable to it.

A third-party benefits administrator, not Kenco, handled COBRA notices and any communications related to changes in COBRA costs.  "It is well-established that in ERISA and COBRA-related disputes about the duties of the Plan Administrator, the proper defendant is the Plan Administrator."  *Thurston v. Borden Waste-Away Service, Inc.*, 1998 WL 456441, at *11 (N.D. Ind., May 19, 1998).  Kenco is not a proper defendant, and it is thus entitled to summary judgment on this claim.

### 4. *Conspiracy Under § 1985*

A federal conspiracy claim under 42 U.S.C. § 1985(3) against all Kenco Defendants and Mars also survived to the summary judgment stage.  In order to state a claim under § 1985(3), a plaintiff must demonstrate: (1) the existence of a conspiracy; (2) a purpose of depriving a person or class of persons of equal protection of the laws; (3) an act in furtherance of a conspiracy; and (4) an injury to person or property or a deprivation of a right or privilege granted to U.S. citizens.  *Hernandez v. Joliet Police Dep't.*, 197 F.3d 256, 263 (7th Cir. 1999).  The plaintiff also must show some racial, or

15

otherwise class-based, invidiously discriminatory animus behind the conspirators'
actions, and that the conspiracy aimed at interfering with rights that are protected
against private, as well as official, encroachment. *Green v. Benden*, 281 F.3d 661, 665 (7th
Cir. 2002).

 To establish the existence of a conspiracy, a plaintiff must show that the
conspirators agreed to inflict injury upon her; in other words, that they acted with a
single plan, the general nature and scope of which was known to each conspirator.
*Green*, 281 F.3d at 665.  Agreement may be inferred from circumstantial evidence, but
only if it is sufficient to permit a reasonable jury to conclude that a meeting of the minds
had occurred and that the parties had an understanding to achieve the conspiracy's
objectives.  *Green*, 281 F.3d at 665-66.

 Plaintiff claims that the Kenco Defendants engaged in a conspiracy under
§ 1985(3) by hiring Jay Elliot as the Vice President of Legal to handle various IDHR
charges.  Defendants argue that Plaintiff has not properly alleged a conspiracy.  The
court agrees with Defendants.  An employer's decision to hire an attorney to defend it
in a legal action is not a conspiracy.  See *Amadasu v. The Christ Hosp.*, 514 F.3d 504, 507
(6th Cir. 2008).

16

Plaintiff also appears to allege that Mars participated in a conspiracy, presumably with the Kenco Defendants, by discriminating against her. She claims that Mars conspired against her by participating in racial discrimination against her, alleging that Mars played a role in hiring Varvel and that Mars was responsible for the Manteno facility.

Section 1985(3) has a limited application to private conspiracies, and it does not provide a means for bringing a racial, gender, age, or disability discrimination claim. See *Comtel Technologies, Inc. v. Paul H. Schwendener, Inc.*, 2005 WL 433327, at *7 (N.D. Ill., February 22, 2005) ("The great weight of precedential authority [ ] supports the traditional limitation of § 1985(3) to questions of interstate travel and involuntary servitude and does not suggest that §§ 1981 or 1982 claims in general may form the basis of a § 1985(3) action."). Similarly, under the intracorporate conspiracy doctrine, "managers of a corporation jointly pursuing its lawful business do not become 'conspirators' when acts within the scope of their employment are said to be discriminatory or retaliatory." *Travis v. Gary Cmty. Mental Health Ctr., Inc.*, 921 F.2d 108, 110 (7th Cir. 1990) (citing *Dombrowski v. Dowling*, 459 F.2d 190, 196 (1972)). Instead, 42 U.S.C. § 1981 provides the proper means for bringing a discrimination claim, not 42 U.S.C. § 1985(3). Thus, it does not appear that § 1985(3) applies to Plaintiff's claim of a conspiracy to discriminate.

Even if § 1985(3) applied to such a claim, the court has already concluded that the
Kenco Defendants are entitled to summary judgment on all of Plaintiff's discrimination
claims.  Therefore, Defendants cannot have participated in a conspiracy to unlawfully
discriminate against Plaintiff.

C.  Plaintiff's Claims Against Defendant Mars

Defendant Mars seeks summary judgment in its favor on both of Plaintiff's
remaining claims against it: (1) racial discrimination under § 1981; and (2) conspiracy
under 42 U.S.C. § 1985(3).

1.  *Discrimination Under § 1981*

Plaintiff states that she sued Mars because Mars was responsible for hiring Kenco
and because Mars, through its Regional Distribution Manager Robert Coffey, was aware
of the hiring of Varvel and accidents and issues at the Manteno facility.  The court has
already concluded that the Kenco Defendants are entitled to summary judgment on
Plaintiff's conspiracy and racial discrimination claims.  Plaintiff does not allege that
Mars took any actions beyond employing Kenco and having knowledge of the Manteno
facility's operations.  Because Plaintiff failed to establish that Kenco discriminated
against her on the basis of her race, even if Mars were liable for the actions of Kenco,
Plaintiff has not established any discrimination for which Mars could have any liability.

18

2. *Conspiracy Under § 1985*

Plaintiff's only allegation that Defendant Mars participated in any conspiracy consists of her repeating her claim that Mars discriminated against her. She claims that Mars conspired against her by participating in racial discrimination against her, alleging that Mars played a role in hiring Varvel and that Mars was responsible for the Manteno facility. Again, § 1985 does not provides a means for bringing a discrimination claim. Further, even if it did, the court has already concluded that all Defendants are entitled to summary judgment on all of Plaintiff's discrimination claims. Therefore, Defendant Mars cannot have participated in a conspiracy to unlawfully discriminate against Plaintiff. Under these facts, Plaintiff cannot make any claim for racial discrimination against Mars under §§ 1981 or 1985. Judgment is entered for Mars on Plaintiff's claims.

IT IS THEREFORE ORDERED:

(1)    Defendants' Motions for Summary Judgment (#109), (#112) are both GRANTED in full. Judgment is entered in favor of Defendants and against Plaintiff. The final pretrial date of September 10, 2018, and jury trial date of September 18, 2018 are hereby VACATED. Any other pending motions are denied as MOOT.

(2)      This case is terminated.


ENTERED this <u>14th</u> day of August, 2018.

s/Colin S. Bruce

_____

COLIN S. BRUCE
U.S. DISTRICT JUDGE

E-FILED
Tuesday, 14 August, 2018  01:20:07 PM
Clerk, U.S. District Court, ILCD

Judgment in a Civil Case (02/11)

# UNITED STATES DISTRICT COURT

for the

Central District of Illinois

| | | |
|---|---|---|
| **Edith McCurry,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case Number: 16-2273** |
| | ) | |
| **Kenco Logistic Services LLC, Mars Inc,** | | |
| **Kelvin Walsh, Mike Manzello, David** | | |
| **Jabaley, Tammi Fowler, Mario Lopez,** | | |
| **Lori Varvel,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## JUDGMENT IN A CIVIL CASE

☐ **JURY VERDICT**.    This action came before the Court for a trial by jury.    The issues have been tried and the jury has rendered its verdict.

☒ **DECISION BY THE COURT**.    This action came before the Court and a decision has been rendered.

   **IT IS ORDERED AND ADJUDGED** that judgment is entered in favor of Defendants and against Plaintff.

**Dated: August 14, 2018**

                                        s/ Denise Koester
                                        Denise Koester
                                        Acting Clerk, U.S. District Court

E-FILED
Monday, 17 September, 2018 01:17:22 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### URBANA DIVISION

| | | |
|---|---|---|
| EDITH MCCURRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 16-CV-2273 |
| | ) | |
| KENCO LOGISTICS SERVICES, MARS | ) | |
| INC., KELVIN WALSH, MIKE | ) | |
| MANZELLO, DAVID JABALEY, TAMMI | ) | |
| FOWLER, LORI VARVEL, and | ) | |
| MARIO LOPEZ, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

On August 14, 2018, this court entered an Order (#125) granting the Motions for

Summary Judgment (#109, #112) filed by Defendants.  On August 28, 2018, Plaintiff

filed a Motion to Reconsider (#127).  Plaintiff argues that the court made numerous

factual and legal errors in its Order granting the Motions to for Summary Judgment.

She argues that Defendants did not address many of the issues raised in her complaint.

She also asserts that she raised issues of material fact concerning the hiring of Varvel,

the write-up, Mars' misconduct, and conspiracy, and that Defendants should have

provided transcripts of her deposition to her sooner.

Defendants, Kenco Logistics Services, Kelvin Walsh, Mike Manzello, David

Jabaley, Tammi Fowler, Lori Varvel, and Mario Lopez, (collectively, "Kenco

Defendants") filed a Response (#128) on September 11, 2018.  The Kenco Defendants

note that a motion to reconsider is not meant to give litigants a second bite at the apple, and they argue that Plaintiff's request to re-litigate the court's prior rulings should be denied.

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit v. CBI Indus.*, 90 F.3d 1264, 1269 (7th Cir. 1996). It is inappropriate to argue matters that could have been raised in prior motions or rehash previously rejected arguments in a motion to reconsider. *Id.* at 1270.

The court sees no reason to reconsider its prior Order. Plaintiff believes that her version of events should have carried the day. She claims that she followed the court's local rules. She did not. As noted in the court's Order, Plaintiff's Response did not comply with Local Rule 7.1(D) which concerns motions for summary judgment and responses and replies to such motions. The court will now provide greater detail about Local Rule 7.1(D) and Plaintiff's Response's extensive lack of compliance with it.

Local Rule 7.1(D) states that a response to a motion for summary judgment must include specific sections with appropriate headings: introduction, response to undisputed material facts, and argument. Local Rule 7.1(D)(2)(a) provides that the introduction section must include a brief summary of the legal and factual basis for opposition to the motion for summary judgment, and Local Rule 7.1(D)(2)(c) provides that the argument section must respond directly to the argument in the motion for summary judgment. Local Rule 7.1(D)(2)(b) further provides that the response to undisputed material facts section must include, in separate subsections: undisputed

2

material facts, disputed material facts, disputed immaterial facts, undisputed
immaterial facts, and additional material facts.  Each fact conceded to be undisputed
and material must be listed by number.  Each fact conceded to be material, but claimed
to be disputed, must be listed by number and supported by evidentiary documentation
referenced by specific page.  For each fact that is disputed and immaterial, the response
must list the fact by number, state why it is immaterial, and support the claim that it is
disputed with evidentiary documentation referenced by specific page.  Each fact which
is undisputed, but claimed to be immaterial, must be listed by number with a reason
stated why the fact is immaterial.  Additional facts must be listed and numbered and
supported by evidentiary documentation referenced by specific page.  Under Local Rule
7.1(D)(2)(b)(6), "[a] failure to respond to any numbered fact will be deemed an
admission of the fact."

   Plaintiff's Response did not contain any of these sections.  It did not include an
introduction containing a summary of the legal and factual basis for opposition to the
Motions for Summary Judgment, or a self-contained argument section responding
directly to the argument in those Motions.  While it contained no labeled argument
section, it appears that if an argument section had been delineated, it would have
violated the page and type volume limitations as described in Local Rule 7.1(D)(5) as
various arguments appear scattered across most of the 61 pages of the Response.
Plaintiff responded to some facts by number, but only to say, in one sentence, that she
"objected" to them.  She did not state the basis for her objections or respond to each
such fact with evidentiary documentation referenced by specific page or a reason why

any facts were immaterial, as required by Local Rule 7.1(D)(2)(b). She did not list and number additional facts in their own section, as required by Local Rule 7.1(D)(2)(b)(5). While she did sometimes include some citations to exhibits, and she did attach exhibits, she did not reference specific pages in those exhibits as required by Local Rule 7.1(D)(2)(b)(5).

As a consequence of Plaintiff's non-compliance with Local Rule 7.1(D) and pursuant to Local Rule 7.1(D)(2)(b)(6), the court in its Order (#125) deemed Defendants' facts admitted, and it did not attempt to glean additional facts from Plaintiff's Response. Plaintiff argues that the court did not view the evidence in the light most favorable to her. This is incorrect. Moreover, the court attempted to be as indulgent as possible with Plaintiff, as Plaintiff was proceeding *pro se.* Nevertheless, the court simply applied its Local Rules. Even *pro se* parties must comply with the court's local rules. *Garcia v. Illinois State Police*, 545 F. Supp. 2d 823, 836 (C.D. Ill. 2015).

Plaintiff argues that Defendants' Motions for Summary Judgment did not address all of the claims she raised in her complaint. However, not all of Plaintiff's claims survived to the summary judgment stage. As noted in the court's Order granting summary judgment in favor of defendants, the court had previously dismissed many claims. The court's Order (#39) ruling on motions to dismiss stated that the only claims surviving to the summary judgment stage were: (1) a claim, under Title VII of the Civil Rights Act of 1964, that Kenco discriminated on the basis of race and gender; (2) a racial discrimination claim against Kenco, Mars, and the individual Defendants under 42 U.S.C. § 1981; (3) a claim under the Age Discrimination in Employment Act

4

against Kenco; (4) a claim under the Americans with Disabilities Act against Kenco; and

(5) a federal conspiracy claim under 42 U.S.C. § 1985(3) against Kenco, Mars, and the

individual Defendants.  The Defendants' Motions for Summary Judgment, and the

court's ruling on those motions, addressed all of the surviving claims.  Defendants had

asked Plaintiff about all of those claims when deposing her, and Defendants' Motions

for Summary Judgment responded to all of Plaintiff's specific deposition testimony as

to how she claimed her rights were violated.

Plaintiff argues that Defendants could not support their Motions for Summary

Judgment with her deposition because they did not send her transcripts of it before

filing the Motions for Summary Judgment.  The court disagrees.  Plaintiff obviously was

present at her own deposition, and Defendants attached the relevant transcripts to their

Motions for Summary Judgment.  The court does not find that Defendants had any

additional unmet obligation to more quickly provide Plaintiff with transcripts of her

own deposition.

Plaintiff's Motion to Reconsider also expresses disagreement with and

befuddlement by the court's rulings on issues relating to Varvel and Mars.  However, a

plaintiff cannot use a motion to reconsider to rehash previously rejected arguments.

*Caisse Nationale de Credit*, 90 F.3d at 1270.  The court previously concluded that Plaintiff

failed to sufficiently show that any action relating to Varvel amounted to an adverse

employment action or had anything to do with Plaintiff's age, race, or gender, and the

court also found that Plaintiff failed to show Mars had any liability for discrimination or

conspiracy.  The court will not depart from those prior findings at this time.

5

Plaintiff suggests that Defendant Mars' failure to respond to her Response to its Motion for Summary Judgment means that Mars' Motion for Summary Judgment should have been denied. The Local Rules provide otherwise. While a non-movant must either file a response to a motion for summary judgment or be deemed to admit the motion, a movant is not required to file a reply to the non-movant's response. See Local Rule 7.1(D). Local Rule 7.1(D)(3) states that the movant "*may* file a reply" to a non-movant's response. Local Rule 7.1(D)(3) (emphasis added). In this case, Plaintiff did not include a numbered section containing additional facts, so there were no such facts requiring a reply. The court properly granted Defendant Mars' Motion for Summary Judgment even though Mars did not file a reply to Plaintiff's Response to the Motion.

The court's Order (#125) properly granted the Defendants' Motions for Summary Judgment. The court properly applied its Local Rules, and it did not refuse to consider the facts in the light most favorable to Plaintiff. Defendants addressed all of Plaintiff's remaining claims in their Motions for Summary Judgment, and the court will not discuss previously rejected arguments as to those claims. Defendants properly referred to Plaintiff's deposition in their Motions for Summary Judgment, and Mars was not required to file a reply to Plaintiff's Response. Reconsideration is not warranted in this case.

IT IS THEREFORE ORDERED THAT:

(1)  Plaintiff's Motion to Reconsider (#127) is DENIED.

(2)  This case remains closed.

ENTERED this 17th day of September, 2018.

s/COLIN S. BRUCE
U.S. DISTRICT JUDGE