Case No. 18-3206

IN THE
UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

Edith McCurry,
Plaintiff-Appellant,
v.
Kenco Logistics Services, LLC, Mario Lopez, Mike Manzello, Kelvin Walsh, Lori
Varvel, Tammi Fowler, David Jabaley and Mars, Inc.,
Defendants-Appellees.

---

Appeal from the United States District Court for the
Central District of Illinois
The Honorable Colin S. Bruce, Judge Presiding
Case No. 2:16-CV-02273

---

## BRIEF OF DEFENDANTS-APPELLEES,
## KENCO LOGSITICS SERVICES, LLC, MARIO LOPEZ, MIKE MANZELLO,
## KELVIN WALSH, LORI VARVEL, TAMMI FOWLER AND DAVID JABALEY

Jody Wilner Moran
Julia Pearce Argentieri
Jackson Lewis P.C.
150 N. Michigan Ave., Suite 2500
Chicago, Illinois 60601
Tel:   312.787.4949
Fax:   312.787.4995
Email:  jody.moran@jacksonlewis.com
          julia.argentieri@jacksonlewis.com
Attorneys for Defendants-Appellees
Kenco Logistics Services, LLC, Mario Lopez,
Mike Manzello, Kelvin Walsh, Lori Varvel,
Tammi Fowler and David Jabaley

## CIRCUIT RULE 26.1 DISCLOSURE STATEMENT

Appellate Court No:          18-3206

Short Caption:               Edith McCurry v. Kenco et. al.

(1)     The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. P. 26.1 by completing the item #3):  **Defendants-Appellees Kenco Logistics Services, LLC ("Kenco" or "the Company"), Mario Lopez, Mike Manzello, Kelvin Walsh, Lori Varvel, Tammi Fowler and David Jabaley (collectively "the Kenco Defendants")**

(2)     The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:  **Jody Wilner Moran and Julia Pearce Argentieri of Jackson Lewis P.C., appeared for the above named Defendants at the District Court.**

(3)     If the party or amicus is a corporation:

     (i)     Identify all its parent corporations, if any:  **Kenco Group, Inc.**

     (ii)    list any publicly held company that owns 10% or more of the party's or amicus' stock:  **None.**

Attorney's Signature: <u>s/ Jody Wilner Moran</u>   Date:<u> February 22, 2019</u>
Attorney's Printed Name:  **Jody Wilner Moran**

Are you *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d)? **Yes**.

Address:      **Jackson Lewis P.C., 150 North Michigan Ave., Suite 2500, Chicago, Illinois 60601**; Phone Number: **312-787-4949** / Fax Number:  **312-787-4995**
E-mail Addresses:  **jody.moran@jacksonlewis.com**

i

# TABLE OF CONTENTS

DISCLOSURE STATEMENT.................................................................................... i

TABLE OF CONTENTS........................................................................................ii

TABLE OF AUTHORITIES……………………………………………………iii-v

JURISDICTIONAL STATEMENT ..................................................................... 1

STATEMENT OF THE ISSUE ............................................................................. 1

STATEMENT OF THE CASE ............................................................................. 1

SUMMARY OF ARGUMENT…………………………………………………..3

ARGUMENT…………………………………………………………………….5

STANDARD OF REVIEW…………………………………………………...5

    A. McCurry's Pay Was Not Discriminatory……………………………………5

    B. McCurry Was Not Subjected to Race or Age Discrimination Based on a
    Reduction in Job Duties …………………………………...…………………8

    C. McCurry's Write-Up Was Not Discriminatory……………………………9

    D. McCurry Failed to Apply, and Was Not Qualified, to be Promoted……………12

    E. McCurry Was Not Discriminated Against Based on Her Disability…………..14

    F. McCurry Was Not Retaliated Against By Kenco………………………..…15

    G. McCurry's Claim of Conspiracy Fails ……………………………………16

    H. McCurry Has Waived Arguments Regarding Other Orders……………………...18

CONCLUSION ………………………………………………………………...25

FED. R. APP. P. 32(a)(C)(i) CERTIFICATE OF COMPLIANCE…………………………27

CIRCUIT RULE 25 CERTIFICATION…………………………………………28

CERTIFICATE OF SERVICE…………………………………………………29

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*1st Source Bank v. Neto*,
   861 F.3d 607 (7th Cir. 2017) ................................................................21

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986) ...............................................................................5

*Bernstein v. Bankert*,
   733 F.3d 190 (7th Cir. 2012) ...............................................................21

*Bredemeier v. Wilkie*,
   No. 15 C 7514, 2018 U.S. Dist. LEXIS 131117 (N.D. Ill. Aug. 3, 2018) ...............11

*Buckner v. Atl. Plant Maint., Inc.*,
   182 Ill.2d 12 (1998) .............................................................................17

*Burlington N. & Santa Fe Ry. Co. v. White*,
   548 U.S. 53 (2006) ...............................................................................15

*Carter v. Chi State Univ.*,
   778 F.3d 651 (7th Cir. 2015) ...............................................................24

*Castro v. DeVry Univ., Inc.*,
   786 F. 3d 559 (7th Cir. 2015) .................................................................5

*Comtel Techs., Inc. v. Paul H. Schwendener, Inc.*,
   No. 04 C 3879, 2005 WL 433327 (N.D. Ill. Feb. 22, 2005) ....................17

*United States ex rel. Conner v. Mahajan*,
   877 F.3d 264 (7th Cir. 2017) ...............................................................21

*Dinkins v. Bunge Milling, Inc.*,
   No. 06-2052, 2008 U.S. Dist. LEXIS 50603 (C.D. Ill. June 29, 2008) ...............11

*Dixon v. Chrans*,
   986 F.2d 201 (7th Cir. 1993) ...............................................................20

*Fairley v. Andrews*,
   578 F.3d 518 (7th Cir. 2009) ...............................................................17

*Fitzgerald v. Fraites*,
   No. 95 C 7717, 1996 U.S. Dist. LEXIS 12208 (N.D. Ill. Aug. 21, 1996) ...............13

*Heraeus Kulzer, GmbH v. Biomet, Inc.*,
   881 F.3d 550 (7th Cir. 2018) ................................................24

*Hernandez v. Joliet Police Dep't*,
   197 F.3d 256 (7th Cir. 1999) ................................................17

*Hobbs v. City of Chi.*,
   573 F.3d 454 (7th Cir. 2009) ................................................14

*King v. Ford Motor Co.*,
   872 F.3d 833 (7th Cir. 2017) ................................................15

*Leong v. SAP Am., Inc.*,
   67 F. Supp. 3d 972, 985 (N.D. Ill. 2014) ................................7

*Lloyd v. Swifty Transp., Inc.*,
   552 F.3d 594 (7th Cir. 2009) ................................................10

*Matrix IV, Inc. v. Am. Nat'l Bank & Trust Co.*,
   649 F.3d 539 (7th Cir. 2011) ................................................21

*Millbrook v. IBP, Inc.*,
   280 F.3d 1179 (7th Cir. 2002) ..............................................14

*Ortiz v. Werner Enters.*,
   834 F.3d 760 (7th Cir. 2016) ..............................................5, 7

*Poullard v. McDonald*,
   829 F.3d 844 (7th Cir. 2016) ................................................7

*Provident Sav. Bank v. Popovich*,
   71 F.3d 696 (7th Cir. 1995) ................................................20

*ReMapp Int'l Corp. v. Comfort Keyboard Co.*,
   560 F.3d 628 (7th Cir. 2009) ................................................6

*Riley v. City of Kokomo*,
   909 F.3d 182 (7th Cir. 2018) ................................20, 22, 23, 25

*Riley v. Elkhart Cmty. Sch.*,
   829 F.3d 886 (7th Cir. 2016) ................................................12

*Savoy v. BMW of N. Am., LLC*,
   313 F. Supp. 3d 907, 918 (N.D. Ill. 2018) ..............................13

*Schaefer v. Universal Scaffolding & Equip., LLC*,
   839 F.3d 599 (7th Cir. 2016) ................................20, 22, 23, 24

*Shahram Malekpour v. Foxx*,
  Nos. 12 C 6569, 12 C 6999, 2016 U.S. Dist. LEXIS 103086 (N.D. Ill. Aug. 5,
  2016) ......................................................................................................................16

*Smith v. Chicago Transit Auth.*,
  806 F.3d 900 (7th Cir. 2015) ...............................................................................6

*Spurling v. C & M Fine Pack, Inc.*,
  739 F.3d 1055 (7th Cir. 2014) ..............................................................................5

*Tart v. Ill. Power Co.*,
  366 F.3d 461 (7th Cir. 2004) .................................................................................8

*Taylor v. Brown*,
  787 F.3d 851 (7th Cir. 2015) ...............................................................................18

*Thurtson v. Borden Waste-Away Serv.*,
  No. 3:96-cv-674RP, 1998 U.S. Dist. LEXIS 12105 (N.D. Ind. May 19, 1998) ....................15

*Williams v. City of Chicago*,
  No. 16-cv-8271, 2017 U.S. Dist. LEXIS 116730 (N.D. Ill. July 26, 2017) .............................9

## Statutes

28 U.S.C. § 1291 .........................................................................................................1

28 U.S.C. § 1331 .........................................................................................................1

28 U.S.C. §1981 ........................................................................................................17

28 U.S.C. §1985(3) ....................................................................................................16

29 U.S.C. § 623(a)(1) ..................................................................................................1

42 U.S.C. §§ 1981, 1985(3), 2000e-2(a)(1), 2000e-3(a), 12112(a) ...................................1

American's with Disabilities Act, 42 U.S.C. §12101 ...........................................14, 15

COBRA ..............................................................................................................4, 14, 15

## Other Authorities

FED. R. APP. P. 28(a)(4) and 28(b)(1) .........................................................................1

FED. R. CIV. P. 26, 33, 34, and 37 ...........................................................................24

## JURISDICTIONAL STATEMENT

Pursuant to Federal Rules of Appellate Procedure 28(a)(4) and 28(b)(1) and Circuit Rules 28(a) and (b), the Kenco Defendants state that McCurry's jurisdictional statement is not complete and correct. The district court had jurisdiction over this matter pursuant to the existence of a federal question. *See* 28 U.S.C. § 1331. Specifically, McCurry's claims involved the following statutory provisions: 29 U.S.C. § 623(a)(1); 42 U.S.C. §§ 1981, 1985(3), 2000e-2(a)(1), 2000e-3(a), 12112(a). Pursuant to 28 U.S.C. § 1291, this Court has jurisdiction over McCurry's appeal from the final judgment of the district court, entered on August 14, 2018. McCurry filed a motion for reconsideration on August 28, 2018, which tolled the time to appeal, and the district court denied that motion on September 17, 2018. McCurry then filed her notice of appeal on October 17, 2018.

## STATEMENT OF THE ISSUE

Whether the Court should affirm the district court's grant of summary judgment in favor of the Kenco Defendants on McCurry's claims of employment discrimination. In addition, whether McCurry has properly raised any other issues on appeal, and if so, whether the lower court's rulings should be upheld.

## STATEMENT OF THE CASE

Kenco is a third-party logistics company engaged in the business of transportation management, distribution, material handling and related services. R.

1 at 12-13.[1] On or about April 21, 2013, Kenco began performing logistics services at the Mars warehouse located in Manteno, Illinois, pursuant to the terms of a written agreement with Mars. *Id.* at 13. McCurry, age 55, is an African American female resident of Pembroke Township, Illinois. R. 1-1; R. 113-1 at 11:3-4. Kenco hired McCurry as an HR Clerk for the Manteno, Illinois Mars facility on April 21, 2013.[2] R. 113-1 at 62:4-63:18. McCurry handled payroll and time, generated HR reports, assisted with employee relations by passing them along to Kenco's corporate office, and other related duties as assigned. *Id.* at 67:22-68:2. McCurry's starting base pay was $15.81 per hour. R. 113-3 at 15. McCurry did not supervise any employees at Kenco. R. 113-1 at 98:3-10. She received her performance reviews from Leonard Szplett, a manager in Human Resources at the Manteno facility who also handled Kenco's accounting. *Id.* at 64:7-22. Kenco hired McCurry at a similar pay to what she had been earning at the predecessor logistics company at the Mars Manteno plant, 4T's Management. Supervisor Leonard Szplett earned more than McCurry and was also hired at a similar rate of pay to his prior salary. *Id.* at 112:2-10.

On October 17, 2014, Kenco hired Lori Varvel as a Human Resources Manager. Varvel started working for Kenco on November 10, 2014 and became McCurry's supervisor. R. 113-3 at 3; R.113-3 at 77. Varvel is 38 years old (DOB: X/XX/1980). R.

---

[1] Citations to the record are designated as "R." followed by the district court's document number. Citations to McCurry's brief are designated as "McCurry Br." McCurry's Appendix is cited as "McCurry App." Citations to McCurry's deposition transcript reference the pages and lines listed on the transcript itself.

[2] McCurry now refers to her job as an HR Administrator. In her complaint, she refers to her job title as "Assistant Office Manager." R. 1 at 25. This distinction is not material. Regardless of what the job title was, her pay, reporting structure and her job duties are undisputed.

113-3 at 74. McCurry did not apply for the Human Resources Manager position that Lori Varvel was hired to fill. R. 113-1 at 100:4-15.

On December 19, 2014, McCurry received a write-up for having submitted a time adjustment form to record her time out on December 9, 2014, as 5:00 p.m. when it appeared that she had actually left for the day at 6:39 p.m. *Id.* at 90:19-93:5. On January 7, 2015, McCurry filed a charge with the Illinois Department of Human Rights ("IDHR"). R. 1 at 8. On January 29, 2015, Kenco mailed notices to McCurry and all Manteno, Illinois Kenco employees, informing them that Kenco had lost the contract with Mars, and all Manteno employees were being terminated, effective March 29, 2015. R. 113-1 at 72:5-73:22. McCurry does not claim that her termination was discriminatory and agrees that all remaining Kenco employees at the Manteno location were terminated at the same time as she. *Id.* at 79:3-10.

## SUMMARY OF ARGUMENT

The district court correctly granted the Kenco Defendants' Motion for Summary Judgment as to McCurry's claims of employment discrimination. McCurry was never discriminated against or retaliated against during her employment at Kenco. Indeed, McCurry has not alleged that Kenco took any adverse action against her during her employment; she remained employed by Kenco until Kenco lost its contract with Mars, at which time all Kenco employees at the Manteno warehouse were terminated. It is undisputed that McCurry's termination of employment was not at issue in the lawsuit or in her appeal.

3

None of the convoluted allegations that McCurry raises are supported by admissible evidence. McCurry's claims are: (1) being paid less than her supervisor Len Szplett, (2) receiving a write-up for falsifying her time, (3) receiving a reduction in her duties (but no reduction in pay) when Kenco hired Varvel, (4) failing to be promoted into an HR Manager position that she did not apply for, and (5) not being called as a witness for a fact-finding conference. She additionally complains that (6) Kenco's third-party benefits administrator failed to send a COBRA open enrollment notice to her and that (7) Kenco engaged in a conspiracy by hiring an in-house attorney to defend the employment discrimination claims raised against the Company. McCurry has not identified any materially adverse taken against her by the Kenco Defendants. Most importantly, no reasonable factfinder could find that any of these decisions were related to McCurry's age, race, gender, disability, or retaliatory motives.

In addition to failing to support her own claims, McCurry asserts facts about the treatment of other Kenco employees that have no relationship to her individual employment discrimination case and were never part of the record in the district court. Large portions of McCurry's appeal are difficult to comprehend and are filled with convoluted and confusing statements that are indecipherable and therefore should not be considered. When the Court navigates through all of the muddled arguments in McCurry's brief, the undisputed evidence demonstrates that at no time was McCurry subjected to discrimination or retaliation by the Kenco Defendants. The

Court should affirm the district court's grant of summary judgment for the reasons stated below.

## ARGUMENT

The district court's grant of summary judgment should be affirmed. McCurry has failed to allege materially adverse actions taken against her.  No reasonable factfinder could find that any of Kenco's decisions were motivated by a discriminatory or retaliatory animus. *Ortiz v. Werner Enters.*, 834 F.3d 760, 765 (7th Cir. 2016).

## STANDARD OF REVIEW

The standard of review of a district court's order granting summary judgment is *de novo. Castro v. DeVry Univ., Inc.*, 786 F. 3d 559, 564 (7th Cir. 2015) ("We review *de novo* the grant of summary judgment, examining the record in the light most favorable to the non-moving parties and drawing all reasonable inferences in their favor.")  Summary judgment is proper if the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Spurling v. C & M Fine Pack, Inc.*, 739 F.3d 1055, 1060 (7th Cir. 2014) (citing Fed. R. Civ. P. 56(a)).  To determine whether genuine issues of material fact exist, this Court asks if "the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

### A.  McCurry's Pay Was Not Discriminatory.

Among many unsupported arguments, McCurry first argues that Kenco discriminated against her based on her race or gender when the Company paid her

less than her white, male supervisor, Leonard Szplett.[3] It is undisputed that Szplett earned more than McCurry, but Szplett was a manager at Kenco; in fact, he was McCurry's manager and, accordingly, was responsible for giving McCurry her performance reviews. R.113-1 at 64:16-17; R. 113-3 at 80; R. 125 at 10.

Indeed, at the time she filed the lawsuit, McCurry identified her job title as Assistant Office Manager, R. 1 at 25, and she additionally listed "Leonard Szplett – Accounting/HR Manager" as her supervisor on her employment application when Kenco took over for the predecessor logistics company, R. 113-3 at 80. For McCurry to now try to argue that Szplett was her "equal" and did not supervise her is inconsistent with the admissible evidence before the Court and simply false. Specifically, McCurry argues that Szplett was paid more money for performing the same work, McCurry Br. at 17, but the evidence reflects that their duties were not the same.[4] Szplett managed the human resources and office functions for the entire Kenco warehouse in Manteno, Illinois, at the direction of Kenco's corporate office. R. 113-1 at 64; R. 1 at 35; R.113-3 at 80. Furthermore, in addition to his managerial responsibilities, Szplett also had other job duties that were not equivalent to McCurry's—he was responsible for handling the accounting for Kenco's Manteno

---

[3] The legal analysis for Title VII and §1981 claims is the same, so the Kenco Defendants will not separately address why McCurry's claims fail under both statutes. *Smith v. Chicago Transit Auth.,* 806 F.3d 900, 904 (7th Cir. 2015).

[4] McCurry also argues without any citation to the record that the raises and bonuses available to her were not equivalent to Szplett's. McCurry Br. at 17. This argument was not put forth previously and, accordingly, it was forfeited and cannot be first raised on appeal. *ReMapp Int'l Corp. v. Comfort Keyboard Co.,* 560 F.3d 628, 638 (7th Cir. 2009) ("[I]t is axiomatic that an issue not first presented to the district court may not be raised before the appellate court as a ground for reversal.").

facility. R. 113 at 64:3-9; R. 125 at 3. McCurry did not supervise other employees, R. 113-1 at 98:1-10, and her job duties were not substantially similar to those of her supervisor. She therefore cannot maintain a claim for unequal pay.

Indeed, the Seventh Circuit has held that an employee's claim that she deserves to be paid equal to their supervisor cannot survive summary judgment where the two positions being compared are not sufficiently similar. *Poullard v. McDonald,* 829 F.3d 844, 855 (7th Cir. 2016) (affirming grant of summary judgment and finding that employee's claim that he was paid less than his supervisor did not show discrimination); *see also Leong v. SAP Am., Inc.*, 67 F. Supp. 3d 972, 985 (N.D. Ill. 2014) (granting summary judgment). McCurry's claim that she performed equivalent work to her supervisor is unsupported by the record.

Furthermore, there is absolutely no evidence that the decision to pay McCurry and Szplett differently had any relationship to their race or gender—McCurry herself agreed that Kenco hired both of them from the predecessor logistics company at a similar rate of pay and similar job duties. R. 113-1 at 112:2-10. Thus, no reasonable factfinder could determine that the decision related to McCurry's pay had anything to do with her race or gender. *Ortiz,* 834 F.3d at 765-766 (explaining that, when the "rat's nest of surplus tests" is stripped away, the court's analysis is straightforward— "whether the evidence would permit a reasonable factfinder to conclude that the employee's race [or other protected status] caused the . . . adverse employment action"). The Court should affirm summary judgment on McCurry's claim of race discrimination or gender discrimination arising from alleged unequal pay because the

evidence demonstrates that McCurry's duties were not equivalent to those of her supervisor and she lacks evidence of discriminatory pay.

### B. McCurry Was Not Subjected to Race or Age Discrimination Based on a Reduction in Job Duties.

Prior to Lori Varvel being hired, Kenco's corporate office in Chattanooga, Tennessee handled the employee relations matters. R. 113-1 at 98:11-24; R. 125 at 4. If an employee at the Manteno, Illinois warehouse raised an employee relations concern, McCurry would receive the information and pass it along to Tammi Fowler at Kenco's corporate office to be investigated. *Id.* Over time, Kenco determined that it would be more effective to have a dedicated employee relations manager on site at the Manteno, Illinois warehouse to handle the local employee relations matters. *Id.*

McCurry did not suffer an adverse employment action when Kenco hired Lori Varvel as the HR Manager for the Manteno, Illinois warehouse.[5] While McCurry is correct that she no longer had the obligation of passing along employee relations matters to Kenco's corporate office to be investigated, it is a gross mischaracterization for McCurry to argue that any significant portion of her job duties was taken away from her or that she was given more "menial" assignments. *Cf. Tart v. Ill. Power Co.*, 366 F.3d 461, 473 (7th Cir. 2004) (discussing that severely diminished job duties and loss of independence can constitute adverse employment action). *Tart* and this line of case law bear no similarity to the present facts. Overseeing employee relations

---

[5] Contrary to McCurry's assertions, Kenco's "multiple" reasons for hiring Varvel are not inconsistent or even separate reasons. All of these reasons are different ways of saying the same thing, as to why Kenco decided to hire an on-site employee relations manager in Manteno. *See* McCurry Br. at 15.

investigations was never a part of McCurry's job duties. She simply served as a conduit to the corporate office. In fact, if that duty was taken away from anyone, it was taken away from Kenco's VP of Human Resources, Tammi Fowler. There is absolutely no evidence that Kenco's hiring of HR Manager Lori Varvel to handle the employment relations issues constituted an adverse employment action against McCurry.

The Seventh Circuit has held that an adverse employment action is "more disruptive than a mere inconvenience or alteration of job responsibilities." *See Williams v. City of Chicago*, No. 16-cv-8271, 2017 U.S. Dist. LEXIS 116730, at *12 (N.D. Ill. July 26, 2017) (citing *Porter v. City of Chicago,* 700 F.3d 944, 954 (7th Cir. 2012)) (prohibiting cell phone use, prohibiting employee from entering shop area, failing to provide training, and requiring different method of logging trucks were not adverse employment actions). Courts uniformly agree that not every gripe or alteration of an employee's work constitutes adverse action. Thus, McCurry's claims of age and race discrimination based on Kenco hiring Varvel must fail, and summary judgment should be affirmed.

### C. McCurry's Write-Up Was Not Discriminatory.

McCurry next claims that the write-up for her falsification of time was discriminatory based on her race, but this argument fails for two reasons. First, the write-up was not an adverse employment action, and second, in no way was it discriminatory. The Seventh Circuit has held that "written reprimands without any changes in the terms or conditions of . . . employment are not adverse employment

actions." *Lloyd v. Swifty Transp., Inc.*, 552 F.3d 594, 602 (7th Cir. 2009). It is undisputed that McCurry's write-up had no impact on her pay or on any terms and conditions of her employment. R. 125 at 11.

At various points, McCurry has argued that other employees who "missed a punch" were not written up as harshly. McCurry Br. at 44-46. Even if this fact is true (and it is not supported by any admissible evidence), Kenco did not issue the write-up because McCurry "missed a punch." She received a verbal warning for representing that she punched out at 5:00 when she actually had been at work until 6:39 and failed to request approval for overtime. R. 113-1 at 90:19-93:5. McCurry testified during her deposition that she was not aware of any other Kenco employees who had worked unapproved overtime or misrepresented their hours worked on their time sheets and did not receive a write-up. R. 113-1 at 95:-21-96:2; R. 125 at 5. McCurry now argues in her appeal that she presented evidence of uneven discipline because a white forklift driver named Pete Monstwillo allegedly threatened a co-worker with a forklift. McCurry Br. at 11. Monstwillo did not work in human resources or any office position, so he was not similarly situated to McCurry in duties or conduct. McCurry Br. at 11. Moreover, McCurry failed to make this argument at the lower court, and her continued efforts to add new unsupported facts to the record should not be permitted by the Court.

Similarly, McCurry mentions names of other employees (Julie Wade, Deane Doyle, Linda St. Germaine, Tari Hart), but there is no admissible evidence as to what those employees' job duties were. McCurry Br. at 8. Even taking McCurry's

inadmissible assertion that these employees were able to "clock out" from their desk as true, McCurry was not written up for clocking out from her desk; she was written up for misrepresenting her work hours, by working over ninety minutes of unapproved overtime. *Id.*; *see Dinkins v. Bunge Milling, Inc.,* No. 06-2052, 2008 U.S. Dist. LEXIS 50603, at *19 (C.D. Ill. June 29, 2008) (granting summary judgment and finding that plaintiff failed to identify similarly situated employee who received more lenient treatment for same type of conduct). Thus, there is no admissible evidence supporting her claims.

In a failed attempt to argue that her write-up is suspicious and evidence of pretext, McCurry argues that the timing is suspect because she did not receive the write-up until eight days after the missed punch. McCurry Br. at 44. Writing an employee up in the days after they misstate hours work and work unapproved overtime is not suspicious.  Moreover, McCurry had received a memorandum from Varvel just a month earlier (prior to the write-up) outlining her job expectations and requiring that she request approval for overtime. R. 113-1 at 86:2-11.

McCurry's brief also argues that she was subjected to harsher scrutiny. It is not clear whether she is referring to the write-up from December 2014 as the alleged scrutiny or something other than the write-up; in either case, McCurry has not alleged any materially adverse action resulting from this purported "scrutiny," so her claim of discrimination fails. *See Bredemeier v. Wilkie*, No. 15 C 7514, 2018 U.S. Dist. LEXIS 131117, at *31 (N.D. Ill. Aug. 3, 2018) (discussing that scrutiny cannot form

basis of discrimination claim). There is no evidence that McCurry received unwarranted scrutiny during her employment at Kenco.

### D. McCurry Failed to Apply, and was Not Qualified, to be Promoted.

McCurry's claim of race and age discrimination based on failure to promote to the position of Human Resources Manager is unfounded. First and foremost, McCurry never applied for a promotion at Kenco.[6] R. 113-1 at 100:4-15; R. 125 at 12. Even if she had, the claim fails because McCurry also lacks any evidence that she was more qualified than the candidate hired, Lori Varvel. *Id.*

Case law is clear that an employee who does not take steps to apply for a position cannot establish discrimination based on a failure to promote theory. To demonstrate a *prima facie* case of failure to promote, a plaintiff must produce evidence that: (1) she was a member of a protected class; (2) she was qualified for the position sought; (3) she was rejected for the position; and (4) the employer promoted someone outside of the promoted class who was not better qualified for the position. *See Riley v. Elkhart Cmty. Sch.,* 829 F.3d 886, 892 (7th Cir. 2016) (citing *Jaburek v. Foxx,* 813 F.3d 626, 631 (7th Cir. 2016)).

Here, McCurry argues that she need only demonstrate that she would have applied for Varvel's HR Manager position had she known about it. But McCurry

---

[6] McCurry argues in her brief that Kenco never posted the position of Human Resources Manager, so she could not have applied for it. It is not clear why McCurry believes Kenco did not follow its normal hiring process in the hiring of Varvel, but the undisputed facts establish otherwise. The records attached to the Kenco Defendants' Motion for Summary Judgment establish that Kenco's corporate human resources department in Chattanooga, Tennessee handled the hiring of Lori Varvel. *See* R. 113-3 at 77. Furthermore, Kenco also attached copies of Varvel's résumé and application, further evidencing the fact that Varvel did apply for this position.

cannot prove intentional discrimination without demonstrating that Kenco was aware she wanted this position and denied her of the opportunity because of her race or age. There is no evidence that Kenco in any way prevented McCurry from applying for this position or deterred her from applying and the case law relied upon by McCurry is not on point. *See, e.g.*, *Savoy v. BMW of N. Am., LLC*, 313 F. Supp. 3d 907, 918 (N.D. Ill. 2018) (denying motion to dismiss). *Savoy* was not a summary judgment decision, and therefore is not instructive. Furthermore, McCurry's argument that Kenco did not post the HR Manager position is unsupported by any admissible evidence. For a plaintiff to survive summary judgment on this failure to promote claim, she must put forth evidence that she applied for the position sought, or at a bare minimum, she took steps to try to apply but was discouraged. *See Fitzgerald v. Fraites*, No. 95 C 7717, 1996 U.S. Dist. LEXIS 12208, *12 (N.D. Ill. Aug. 21, 1996). McCurry lacks any facts to support her claims that she would have applied for Lori Varvel's position or was in some way deterred from applying for the position.

Even assuming *arguendo* that McCurry had applied for Varvel's HR Manager position her failure-to-promote claim fares no better because the undisputed facts establish that Varvel was the far more qualified candidate. Varvel had prior management experience at a large corporation, as well as prior employee relations experience investigating and reviewing complaints of harassment and discrimination. R. 113-3 at 72-75. McCurry does not dispute the fact that she did not have any direct reports at Kenco and her role was clerical in nature and non-managerial. R. 1 at 25; R. 113-1 at 98:3-10.  Instead, McCurry argues that she

supervised "processes" at Kenco, McCurry Br. at 30, and that her years of supervision of clerical tasks made her more equipped than Varvel to manage other human resources staff and spearhead employee relations investigations. This argument defies logic. *Hobbs v. City of Chi.,* 573 F.3d 454, 461 (7th Cir. 2009) (affirming summary judgment on failure-to-promote claim where employee provided no evidence to discredit employer's explanation that hired candidate possessed superior job-related skills). While McCurry may honestly believe she was the best candidate to be HR Manager, she lacks any evidence to suggest that Kenco reasonably believed she was the better candidate. Accordingly, there is no evidence that Kenco is lying about its legitimate business explanation for selecting Varvel based on her combination of prior HR manager experience and employee relations skills. It is well settled that it is not the court's role to second-guess Kenco's business judgment regarding the qualifications for the HR Manager position. *See Millbrook v. IBP, Inc.,* 280 F.3d 1179, 1181 (7th Cir. 2002) (court should not act as super personnel department). The undisputed facts establish that Varvel was more qualified than McCurry to be an HR Manager, and accordingly, McCurry's claim of discrimination based on failure to promote must fail, and summary judgment should be affirmed.

### E.  McCurry Was Not Discriminated Against Based on Her Disability.

McCurry testified that Kenco engaged in disability discrimination in violation of the American's with Disabilities Act, 42 U.S.C. §12101, after her employment was terminated when certain COBRA re-enrollment paperwork was allegedly not mailed to her regarding the COBRA rate change. Even assuming *arguendo* that paperwork

was not mailed to her, which Kenco denies, McCurry's allegations do not state a claim against Kenco. It is not Kenco, but rather Kenco's third-party benefits administrator, who handles COBRA notices and related communications. R. 113 at 13. Any claim related to COBRA administration would therefore be brought against the benefits administrator. *See Thurtson v. Borden Waste-Away Serv.*, No. 3:96-cv-674RP, 1998 U.S. Dist. LEXIS 12105, at *31-32 (N.D. Ind. May 19, 1998) (citing *Coleman v. Nationwide Life Ins. Co.*, 969 F.2d 54, 62 (4th Cir. 1992)). McCurry's appeal does not address this argument, and therefore, it is not apparent whether she is even appealing this issue. First, McCurry has forfeited this argument on appeal by failing to raise it in her brief. Second, McCurry has presented no argument as to why the lower court's decision should be reversed, or any authority to even suggest that a claim under the Americans with Disabilities Act could proceed against Kenco under these facts. Kenco took no adverse action against McCurry and thus, this claim must fail.

### F. McCurry Was Not Retaliated Against by Kenco.

Finally, McCurry argues that Kenco retaliated against her in two ways: (1) by not selecting her as a witness for former co-worker Mary Madison's IDHR fact-finding conference; and (2) by hiring Lori Varvel as an HR Manager at Kenco. To state a claim for retaliation, McCurry must allege that: (1) she engaged in a statutorily protected activity; (2) she suffered an adverse employment action; and (3) a causal connection exists between the two events. *King v. Ford Motor Co.,* 872 F.3d 833, 841 (7th Cir. 2017). An adverse employment action is considered an action that would

dissuade a reasonable worker from filing or supporting a charge of discrimination. *Burlington N. & Santa Fe Ry. Co. v. White,* 548 U.S. 53, 68 (2006). Neither of these factual allegations (not selecting her as an IDHR witness and hiring an HR Manager) states a plausible claim for retaliation, because they cannot be construed as actions *against* McCurry.

As the lower court properly held, Kenco's business decisions regarding which employees to call as a witness for an IDHR fact-finding conference do not relate to the terms and conditions of McCurry's employment. Likewise, Kenco's decision to hire another employee to assist with employee relations matters is not an action towards McCurry, and certainly does not constitute retaliatory action. *Shahram Malekpour v. Foxx*, Nos. 12 C 6569, 12 C 6999, 2016 U.S. Dist. LEXIS 103086, at *11 (N.D. Ill. Aug. 5, 2016) (granting summary judgment and holding that many of the alleged criticisms were not adverse actions). Since McCurry's gripes are just that, gripes, and do not amount to adverse actions against her, she cannot proceed with a retaliation claim and the Court should affirm summary judgment.

### G. McCurry's Claim of Conspiracy Fails.

McCurry testified that the Kenco Defendants engaged in a conspiracy against her in violation of 28 U.S.C. §1985(3) because the Company hired an in-house legal counsel, Jay Elliott, to assist their company with responding to her IDHR charge. R. 113-1 at 113. This argument is absurd and fails on its face because it does not even suggest any improper or harmful conduct by the Kenco Defendants.

To state a claim for conspiracy, McCurry must allege: (1) the existence of a conspiracy; (2) a purpose of depriving a person or class of persons of equal protection under the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or deprivation of a right granted to U.S. citizens. *See Hernandez v. Joliet Police Dep't*, 197 F.3d 256, 263 (7th Cir. 1999). A conspiracy claim further requires her to allege that a private actor conspired with state actors to deprive her of a federally protected right. *See Fairley v. Andrews,* 578 F.3d 518, 526 (7th Cir. 2009). This cause of action is not applicable to a private claim of individual employment discrimination, which would be raised under 28 U.S.C. §1981. *See Comtel Techs., Inc. v. Paul H. Schwendener, Inc.*, No. 04 C 3879, 2005 WL 433327, at *7 (N.D. Ill. Feb. 22, 2005). The hiring of attorney Jay Elliott at Kenco's corporate office in Chattanooga, Tennessee to assist Kenco with in-house legal matters was not a conspiracy against McCurry, nor was it related to McCurry.[7] Looking past her meritless assertion that the hiring of an in-house legal counsel amounted to a conspiracy by Kenco, McCurry appears to be arguing that various employees of Kenco (or Kenco and Mars) engaged in a conspiracy by subjecting her to employment discrimination. But decisions among Kenco employees and its agents about the terms and conditions of McCurry's employment cannot amount to a claim of conspiracy. *See Buckner v. Atl. Plant Maint., Inc.*, 182 Ill.2d 12 (1998). Not only is she failing to

---

[7] McCurry argues that Kenco's in-house legal counsel was hired in 2014 and therefore lacks personal knowledge regarding her employment. But Defendant's Motion for Summary Judgment did not rely on any personal knowledge of Kenco's in-house counsel. The motion relied entirely on McCurry's complaint and her own deposition testimony, and Kenco utilized an affidavit only for the admissibility of certain business records, and not to respond to McCurry's allegations events. *See* R. 113-3.

identify two actors, but the admissible evidence in this case only addressed McCurry and not the treatment of other Kenco employees. Thus, her conspiracy claim is nothing more than a re-stating of her employment discrimination claims and therefore summary judgment should be affirmed.

### H.   McCurry Has Waived Arguments Regarding Other Orders.

While the substance of McCurry's appeal appears to challenge the grant of summary judgment, her brief also includes scattered references to various orders, filings, and procedures with which she takes issue. To be sure, "[a]n appeal from a final judgment brings up for review any interlocutory order that has not become moot." *Taylor v. Brown*, 787 F.3d 851, 856 (7th Cir. 2015) (quoting *Chi. Bd. of Educ. v. Substance, Inc.*, 354 F.3d 624, 626 (7th Cir. 2003)). But McCurry's brief fails to even identify with clarity the orders for which she seeks review. In her "Statement of the Issue," McCurry states that she seeks review of "[w]hether the District judge abused his discretion in granting Defendant's Motion for Summary Judgment." McCurry Br. at 1. To that end, her "Summary of the Argument" section only references summary judgment, and her "Standard of Review" section only cites a "dismissal order"—there is no mention of other orders. *See id.* at 4.

However, McCurry's "Statement of the Issue" section then asks the Court to determine "[w]hether a review of the interlocutory orders are [sic] appropriate." *Id.* at 1. To the extent that McCurry intends to seek review of the propriety of earlier orders, she fails to clearly identify (let alone, sufficiently discuss) the subject orders. The only direction provided in her "Statement of the Issue" includes general

18

references to discovery; an alleged exclusion of evidence; the veracity of statements and documents; apportionment of liability; and general claims of "a deliberate attack on the judicial system and the administration of justice," along with claims of "malice" and "bad faith." *Id.* at 2. Apart from the summary judgment decision and unnamed interlocutory orders, the "Statement of the Issue" section also seeks review of the propriety of "waiver of services initiated by Defendants [sic] counsel" and "[w]hether the doctrines of Res Judicata, Collateral and Judicial estoppel apply to Defendants." *Id.*

At the close of her brief, McCurry ultimately submits a numbered list of "orders" for which seeks review, which include: (1) "Amended Complaint"; (2) "Defendant Mars [sic] 12(b)6 motion to dismiss"; (3) "Defendant's [sic] Protective orders; (4) "Order to depose McCurry"; (5) "Summary Judgement [sic]"; "Plaintiff's Motions in limine"; and (7) "Plaintiff's Motion for reconsideration." *Id.* at 84. McCurry adds an alleged issue with waivers of service and includes many of the categories of allegations submitted in her "Statement of the Issue." *Id.*

It is plainly insufficient for McCurry to seek this Court's review by simply setting forth a numbered list of grievances. From the outset, a number of these "orders" are not, in fact, orders, or even capable of review—an "Amended Complaint," by definition, does not present an issue for review. To the extent that McCurry is referring to the order denying her motion for leave to file an amended complaint in the pre-consolidation Case No. 16-cv-2277 (which does not appear in the record), as the district court explained in its January 3, 2017 text order, *see* R. 131 at 6, that

motion was rendered moot upon the grant of the motion to consolidate. Moreover, it does not appear that McCurry opposed the entry of the order (since she sought consolidation of the cases), and, on appeal, McCurry does not articulate any argument regarding this order—she simply asks this Court to review her "Amended Complaint." *See* McCurry Br. at 84. Her failure to provide any further explanation supplies nothing for this Court to review, and—under any construction—results in a waiver of any would-be arguments regarding the related order. *See, e.g.*, *Riley v. City of Kokomo*, 909 F.3d 182, 190 (7th Cir. 2018); *Schaefer v. Universal Scaffolding & Equip., LLC*, 839 F.3d 599, 607 (7th Cir. 2016) ("Perfunctory and undeveloped arguments are waived, as are arguments unsupported by legal authority."). The fact that McCurry formerly was *pro se* does not change this analysis or excuse her failure to assert arguments in the district court. *See, e.g.*, *Dixon v. Chrans*, 986 F.2d 201, 203 (7th Cir. 1993) ("We have not routinely spared pro se litigants from the same waiver rules attorneys face."); *see also Provident Sav. Bank v. Popovich*, 71 F.3d 696, 699-700 (7th Cir. 1995) ("Although pro se litigants are entitled to some procedural protections, they are in general subject to the same waiver rules that apply to parties who are represented by counsel." (internal citation omitted)).

In a similar fashion, McCurry fails to identify any order regarding waiver of service. Thus, it is unclear what action of the district court McCurry would have this Court review. Likewise, McCurry does not explain what order she would have this Court review when she discusses res judicata, collateral estoppel, and judicial estoppel. To the extent that these arguments fall within her summary judgment

discussion, she did not assert these issues in the district court, and they are therefore waived on appeal. *See, e.g.*, *Riley*, 909 F.3d at 190. McCurry cannot identify a relevant "claim" that the Kenco Defendants should be precluded from asserting, given that the Kenco Defendants are merely responding to *her* claims.

On the merits, these arguments are also defective: for example, as McCurry appears to somewhat acknowledge, *see* McCurry Br. at 49, 56, res judicata requires the parties to be identical or in privity, the claims to arise out of the same operative facts or transaction, and a final judgment on the merits, *see, e.g.*, *Matrix IV, Inc. v. Am. Nat'l Bank & Trust Co.*, 649 F.3d 539, 547 (7th Cir. 2011), but McCurry fails to satisfy any of these requirements; fundamentally, the cases she relies on do not relate to the same parties. Her cursory invocation of collateral estoppel is similarly deficient, given that—at most—she states that generic causes of action asserted by different plaintiffs are a "common nucleus of operative fact," McCurry Br. at 57; *see, e.g.*, *United States ex rel. Conner v. Mahajan*, 877 F.3d 264, 270 (7th Cir. 2017) (explaining that, for a party to be estopped to re-litigate a factual or legal issue, "(1) the issue sought to be precluded [must be] the same as that involved in the prior action; (2) the issue [must have been] actually litigated; (3) the determination of the issue [must have been] essential to the final judgment; and (4) the party against whom estoppel is evoked [must have been] fully represented in the prior action") (quoting *Dexia Crédit Local v. Rogan*, 629 F.3d 612, 628 (7th Cir. 2010)); *see also* *Bernstein v. Bankert*, 733 F.3d 190, 225-26 (7th Cir. 2012) (recognizing that the requisite identity of issues did not exist where the issues "necessarily depend[ed] on

different sets of facts"). Likewise, she fails to adequately support her claim of judicial estoppel. *See, e.g.*, *1st Source Bank v. Neto*, 861 F.3d 607, 611-12 (7th Cir. 2017) (deeming the theory "forfeited" when it was not raised in the district court, and explaining that "clear prerequisites" include "(1) the later position must be clearly inconsistent with the earlier position; (2) the facts at issue should be the same in both cases; and (3) the party to be estopped must have convinced the first court to adopt its position" (quoting *United States v. Hook*, 195 F.3d 299, 306 (7th Cir. 1999)). In substance, McCurry cites to a position statement submitted to the Illinois Department of Human Rights in 2015 that is not "clearly inconsistent" with the Kenco Defendants' explanation that Szplett was an office manager who handled human resources until Varvel was hired into a new "Human Resources Manager" position. *See* McCurry App. at 143; R. 113 at 3, 9-10. The Kenco Defendants have never taken inconsistent positions in this proceeding or in any proceeding, and therefore, McCurry's arguments do not pass muster.

The only remaining orders identified[8] by McCurry are the protective orders entered by the district court, R. 55; R. 71; the May 21, 2018 order compelling McCurry's deposition, *see* R. 131 at 17; the order denying McCurry's motions in limine as moot, R. 125; and the order denying her motion for reconsideration, R. 129, but McCurry's failure to adequately address these orders results in waiver of her arguments for review. *See, e.g.*, *Riley*, 909 F.3d at 190; *Schaefer*, 839 F.3d at 607. Indeed, McCurry simply lists the district court orders in her litany of grievances,

---

[8] To be precise, most of McCurry's references are to the underlying motions—not the actual orders. *See* McCurry Br. at 84.

without any analysis or legal arguments. *See* McCurry Br. at 84. As this Court has explained, "[i]t is not the obligation of th[e] court to research and construct the legal arguments open to the parties, especially when they are represented by counsel." *Riley*, 909 F.3d at 190. (quoting *Beard v. Whitley Cty. REMC*, 840 F.2d 405, 408-09 (7th Cir. 1988)). McCurry's failure to address arguments for review in her brief—particularly, now that she is represented by counsel—results in their waiver.

With respect to the protective orders entered, McCurry mentions only one (with no citation for clarification) and claims that she was "prejudiced" and suffered "irreparable harm" from its entry. McCurry Br. at 77-78. In no way was McCurry prejudiced by the court's entry of a routine order allowing all parties to mark documents confidential. The totality of her argument is conveyed in a handful of sentences with no citations to legal authority. Once again, this approach is inadequate and results in waiver of the argument. *See, e.g., Schaefer*, 839 F.3d at 607. In addition, McCurry did not file any opposition to the first motion for a protective order prior to its entry—she only opposed its entry after the district court had already granted the motion and entered the order, *see* R. 56—and McCurry did not file any opposition to the second motion for protective order. McCurry now maintains that she did not receive a copy of "the motion for a protective order," McCurry Br. 78 & n.33, but, again, it is unclear to which motion McCurry refers, and the only opposition she filed makes no mention of any failure to receive the first motion, *see* R. 56. As with many of McCurry's allegations, her failure to assert this

argument in the district court results in its waiver on appeal. *See, e.g.*, *Riley*, 909 F.3d at 190.

McCurry's final reference is to the district court's order denying her Motion for Reconsideration, R. 129, but—once again—she does not discuss that order (apart from addressing the perceived merits of her summary judgment motion).[9] Accordingly, she waives its review, and—regardless—any argument would fail on the merits, given that summary judgment was appropriate. *See, e.g.*, *Carter v. Chi State Univ.*, 778 F.3d 651, 662 (7th Cir. 2015).

Throughout her brief, McCurry also casually accuses the Kenco Defendants of various serious allegations of wrongdoing, including "obstruction of justice," McCurry Br. at 76-77, and violations of Federal Rules of Civil Procedure 26, 33, 34, and 37, *id.* at 72, 78-79, among others. Like most of McCurry's arguments, these are cursory and difficult to comprehend, in addition to being ridiculous and offensive. To the extent the Kenco Defendants can understand them—they fail to adequately present an issue for review. By way of example, McCurry appears to suggest that her failure to obtain a copy of her own deposition transcript constitutes "the exclusion of undisclosed evidence." *Id.* at 79. The district court previously ruled that the Kenco Defendants provided McCurry with relevant portions of her transcript attached to their Motion for summary judgment and did not have any additional obligation to more quickly provide her with a transcript. R. 129 at 5. In any event, the incoherence of these remaining arguments should result in their waiver. *See, e.g.*, *Schaefer*, 839 F.3d at

---

[9] Again, McCurry references the motion itself—not the subsequent order. *See* McCurry Br. at 84.

607. Moreover, on the merits, challenges to any discovery rulings would be subject to an abuse-of-discretion standard, *see, e.g.*, *Heraeus Kulzer, GmbH v. Biomet, Inc.*, 881 F.3d 550, 565 (7th Cir. 2018) (citing an "extremely deferential" standard of review), and McCurry even fails to distinguish between the standards of review, let alone explain how the district court abused its discretion with respect to her generalized discovery grievances. Instead, as with her allegations of spoliation, McCurry Br. at 80-83, she simply lists unsupported claims of misconduct.

In sum, and as this Court has explained, "our adversary system relies on parties to raise issues and present them in the appropriate manner." *Riley*, 909 F.3d at 191. Separate from her discussion of summary judgment, the parts of McCurry's brief that are somewhat comprehensible reflect arguments that have clearly been waived—often, because they were not asserted in the district court *and* now appear without support in her appeal, notwithstanding McCurry's current legal representation. As a result, and for the foregoing reasons, McCurry fails to present any issue for review beyond summary judgment, which—for the reasons discussed— was appropriately granted by the district court and should be affirmed.

## CONCLUSION

At no time during her employment was McCurry discriminated against or retaliated against by the Kenco Defendants. McCurry complains that she should have been paid equal to her boss, complains that she should have been hired into a supervisory position for which she failed to apply, and numerous other equally vacuous assertions that fall flat on their face. The actions she complains of cannot

amount to discrimination because there was never any adverse action taken against her. McCurry's appeal is largely indecipherable and thus any arguments as to other issues have been waived. Accordingly, the district court's grant of summary judgment in favor of the Kenco Defendants should be affirmed.

Dated:  February 22, 2019

**Kenco Logistics Services, LLC, Mike Manzello, Mario Lopez, David Jabaley, Kelvin Walsh, Tammi Fowler and Lori Varvel**

By: <u>s/   Jody Wilner Moran</u>
    One of Their Attorneys

Jody Wilner Moran
Julia Pearce Argentieri
Jackson Lewis P.C.
150 N. Michigan Ave., Suite 2500
Chicago, Illinois 60601
Tel:   312.787.4949
Fax:   312.787.4995
Email: Jody.Moran@jacksonlewis.com
       Julia. Argentieri@jacksonlewis.com

## FED. R. APP. P. 32(a)(7)(C)(i) CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(a)(7)(C)(i), the undersigned certifies that the foregoing Brief for Appellee complies with the format and volume requirements of Fed. R. App. P. 32(a)(7)(A) and (B), and Seventh Circuit Rule 32. The brief is less than 30 pages and the word count feature of the word processor used to prepare this brief indicates this brief contains 7,141 words in combined text and footnotes, excluding Table of Contents, Table of Authorities, Rule 26.1 Certificate of Interest, and the Certificates of Compliance.

Dated:  February 22, 2019                    **Kenco Logistics Services, LLC, Mike Manzello, Mario Lopez, David Jabaley, Kelvin Walsh, Lori Varvel and Tammi Fowler**

By: s/   Jody Wilner Moran
            One of Their Attorneys

Jody Wilner Moran
Julia Pearce Argentieri
Jackson Lewis P.C.
150 N. Michigan Ave., Suite 2500
Chicago, Illinois 60601
Tel:    312.787.4949
Fax:   312.787.4995
Email: Jody.Moran@jacksonlewis.com
            Julia.Argentieri@jacksonlewis.com

## CIRCUIT RULE 25 CERTIFICATION

Pursuant to Seventh Circuit Rule 25, a digital version of this brief, in Portable Document Format (*.pdf), has been uploaded on February 22, 2019 to the Court's website at http://www.ca7.uscourts.gov and thus served on all counsel of record.

Dated:  February 22, 2019

**Kenco Logistics Services, LLC, Mike Manzello, Mario Lopez, David Jabaley, Kelvin Walsh, Lori Varvel and Tammi Fowler**

By: <u>s/   Jody Wilner Moran</u>
     One of Their Attorneys

Jody Wilner Moran
Julia Pearce Argentieri
Jackson Lewis P.C.
150 N. Michigan Ave., Suite 2500
Chicago, Illinois 60601
Tel:    312.787.4949
Fax:   312.787.4995
Email: Jody.Moran@jacksonlewis.com
          Julia.Argentieri@jacksonlewis.com

## CERTIFICATE OF SERVICE

I, Jody Wilner Moran, an attorney, certify that on February 22, 2019, and in addition to electronic filing pursuant to Circuit Rule 25, I served two true and correct copies of the Brief of Defendants-Appellees upon counsel of record via U.S. Mail, first-class postage prepaid, addressed as follows:

Jordan T. Hoffman
2711 E. New York St., Suite 205
Aurora, IL 60502
(888)958-4529

s/ Jody Wilner Moran
Jody Wilner Moran