

CERTIFIED COPY

In the

# United States Court of Appeals
## For the Seventh Circuit

No. 18-3206

EDITH MCCURRY,

                    *Plaintiff-Appellant*,

*v.*

KENCO LOGISTICS SERVICES, LLC, et al.,

                    *Defendants-Appellees*.

_____

Appeal from the United States District Court
for the Central District of Illinois.
No. 16-CV-2273 — **Colin S. Bruce**, *Judge*.

_____

ARGUED APRIL 11, 2019 — DECIDED NOVEMBER 7, 2019

_____

Before SYKES, SCUDDER, and ST. EVE, *Circuit Judges*.

SYKES, *Circuit Judge*. Edith McCurry worked at an Illinois warehouse owned by Mars, Inc., the well-known candy maker, and operated by Kenco Logistics Services, a third-party management firm. In March 2015 Kenco lost its contract with Mars and laid off its employees at the warehouse, including McCurry. More than a year later, she filed two rambling pro se complaints accusing Kenco, Mars, and several of her supervisors of discriminating against her

based on her race, sex, age, and disability. She also alleged that Kenco and Mars conspired to violate her civil rights.

The district court consolidated the suits and dismissed some of the claims. The defendants then moved for summary judgment on the rest. McCurry's response violated the local summary-judgment rule, so the judge accepted the defendants' factual submissions as admitted and entered judgment in their favor. McCurry retained counsel and appealed.

We affirm. McCurry doesn't challenge the judge's decision to enforce the local summary-judgment rule. As a result, and unsurprisingly, the uncontested record contains no evidence to support a viable discrimination or conspiracy claim. Indeed, the appeal is utterly frivolous and McCurry's monstrosity of an appellate brief is incoherent, so we also order her lawyer, Jordan T. Hoffman, to show cause why he should not be sanctioned or otherwise disciplined under Rules 28 and 38 of the Federal Rules of Appellate Procedure.

## I. Background

We begin with the judge's decision to enforce Local Rule 7.1(D),[1] which governs the summary-judgment process. McCurry violated multiple provisions of the rule. We include a sampling to provide an understanding of her noncompliance:

- Under Local Rule 7.1(D)(1)(a)–(c), a response to a summary-judgment motion must include the follow-

---

[1] Local Rules of the Central District of Illinois.

ing specific sections with appropriate headings: an introduction, a response to the moving party's statement of undisputed material facts, and an argument section. McCurry's response to the defendants' motions contained none of those sections. It was instead a disorganized, rambling, hard-to-decipher mess.

- Local Rule 7.1(D)(2)(b) requires that the response to the moving party's statement of material facts must identify, in separate subsections: (1) the undisputed material facts; (2) the disputed material facts; (3) the disputed immaterial facts; (4) the undisputed immaterial facts; and (5) any additional material facts. Each disputed fact conceded to be material must be listed by number and supported by evidentiary documentation that is referenced by specific page. McCurry's response was woefully noncompliant with these requirements. She responded to some facts by number but said only that she objected to them. She did not state the basis for her objections, nor did she respond with appropriate and specific citations to evidentiary documentation.

- Although McCurry did not include an argument section in her brief, her arguments were scattered randomly throughout her 62-page response, in probable violation of Local Rule 7.1(D)(5), which (by cross-reference to Rule 7.1(B)(4)) limits the argument section of a response brief to 15 pages or 7,000 words.

Under Local Rule 7.1(D)(2)(b)(6), the failure to properly respond to a numbered fact in an opponent's statement of facts "will be deemed an admission of the fact." In light of

McCurry's widespread noncompliance, the judge deemed the defendants' factual submissions admitted.

As we've noted, McCurry doesn't challenge the judge's decision to enforce Rule 7.1(D). Even if she had, we have repeatedly held that district judges may strictly enforce local summary-judgment rules, *Ammons v. Aramark Uniform Services, Inc.*, 368 F.3d 809, 817 (7th Cir. 2004), and the judge reasonably did so here.[2] Accordingly, our account of the facts is drawn from the defendants' uncontested factual submissions.

We begin in 2013 when Mars contracted with Kenco, a third-party logistics firm, to manage its warehouse in Manteno, Illinois. Under the parties' agreement, Kenco was responsible for day-to-day operations and exercised full control over its own employment policies. Kenco retained several employees from the previous warehouse manager. One holdover was Edith McCurry, who worked in human resources. McCurry, a black woman born in 1962, performed clerical and administrative duties, such as handling warehouse payroll, generating reports, and assisting with employee relations. She had no managerial responsibilities.

---

[2] We give substantial deference to a judge's decision to strictly enforce local summary-judgment rules, reversing only for abuse of discretion. *Ammons v. Aramark Uniform Servs., Inc.*, 368 F.3d 809, 817 (7th Cir. 2004). The judge showed remarkable patience with McCurry. Even pro se litigants are obliged to follow procedural rules. *Members v. Paige*, 140 F.3d 699, 702 (7th Cir. 1998). McCurry's violations of Local Rule 7.1(D) are thoroughly documented in the judge's order denying her motion for reconsideration, and we find no abuse of discretion.

In October 2014 Kenco hired Lori Varvel, a white woman 17 years younger than McCurry, as the human-resources manager. Varvel assumed some of McCurry's duties, though McCurry's pay remained the same.

On December 9 McCurry worked an hour and a half of unauthorized overtime in violation of Kenco's timekeeping policy. Ten days later Varvel gave her a written warning for working overtime without authorization, misrepresenting her hours, and failing to report the correct hours. On January 29, 2015, Kenco announced that it had lost the Mars contract and that all employees at the warehouse would be let go at the end of March.

In August 2016 McCurry filed a 77-page, 386-paragraph pro se complaint against Kenco, Mars, and several supervisors alleging discrimination based on her race, gender, age, and disability. She also alleged a claim for conspiracy to violate her civil rights and several state-law claims. None of her claims alleged that she was fired for a discriminatory reason. Rather, she complained about conduct during the course of her employment at the Mars warehouse.

Not two weeks later, McCurry filed a second lawsuit against largely the same group of defendants. This one, like the first, was sprawling. Indeed, at 89 pages and 423 paragraphs, the second complaint was even more rambling than the first, but it more or less repeated the allegations in the earlier suit. The district court consolidated the cases.

The judge dismissed some claims but allowed the following to proceed: (1) claims against Kenco for discrimination on the basis of race and sex in violation of Title VII of the

Civil Rights Act of 1964; (2) a claim against Kenco, Mars, and the supervisors for discrimination on the basis of race in violation of 42 U.S.C. § 1981; (3) a claim against Kenco for violation of the Age Discrimination in Employment Act ("ADEA"); (4) a claim against Kenco for violation of the Americans with Disabilities Act ("ADA"); and (5) a conspiracy claim against Kenco, Mars, and the supervisors under 42 U.S.C. § 1985(3).

The defendants moved for summary judgment on these surviving claims. As we've explained, McCurry's response did not comply with the local summary-judgment rule, so the judge accepted the defendants' statement of facts as admitted pursuant to Local Rule 7.1(D)(2)(b)(6). Charitably working his way through each claim, the judge concluded that the evidence was insufficient to support liability for any form of employment discrimination or conspiracy.

McCurry moved for reconsideration. The judge denied the motion, noting that McCurry did not identify any newly discovered evidence and merely rehashed old arguments. The judge also elaborated on his decision to enforce Local Rule 7.1(D), providing an exhaustive account of McCurry's violations.

## II. Discussion

We review a summary judgment de novo. *Kopplin v. Wis. Cent. Ltd.*, 914 F.3d 1099, 1102 (7th Cir. 2019). Summary judgment is warranted if the moving party shows that there is no genuine dispute as to any material fact and he is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). As this case comes to us, the record is limited to the defendants'

No. 18-3206 7

evidentiary submissions. *Apex Dig., Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013).

## A. Title VII and § 1981 Claims Against the Kenco Defendants

The legal analysis for discrimination claims under Title VII and § 1981 is identical, *Ferrill v. Oak Creek–Franklin Joint Sch. Dist.*, 860 F.3d 494, 499 (7th Cir. 2017), so we merge our discussion of these claims. As in any employment-discrimination case, we ask whether the evidence would permit a reasonable fact-finder to conclude that McCurry was subjected to an adverse employment action based on a statutorily prohibited factor—here, race or sex. *Ortiz v. Werner Enters., Inc.*, 834 F.3d 760, 765 (7th Cir. 2016).

McCurry maintains that Kenco discriminated against her by paying her less than her white, male coworker Leonard Szplett. But Szplett earned more than McCurry because he had extensive managerial responsibilities and she had none. McCurry's unequal-pay claim is therefore baseless. *See Poullard v. McDonald*, 829 F.3d 844, 855 (7th Cir. 2016) (affirming a grant of summary judgment after finding that an employee's claim that he was paid less than his supervisor did not show discrimination).

Next, McCurry argues that Kenco discriminated against her by hiring Varvel as the human-resources manager. This is essentially a failure-to-promote claim, so McCurry must show: (1) she was a member of a protected class; (2) she was qualified for the position she sought; (3) she was rejected for the position; and (4) the employer promoted someone outside of the protected class who wasn't better qualified. *Riley v. Elkhart Cmty. Sch.*, 829 F.3d 886, 892 (7th Cir. 2016).

McCurry did not apply for the position of human-resources manager, so her failure-to-promote claim does not meet requirements (2) and (3). This claim too is baseless.

Relatedly, McCurry contends that the reduction of her job duties after Varvel was hired was discriminatory. This is yet another baseless claim. Inconveniences and modest alterations of job responsibilities are not adverse employment actions. *Porter v. City of Chicago*, 700 F.3d 944, 954 (7th Cir. 2012). And the decision to have Varvel handle employee-relations matters had nothing to do with McCurry's race or gender. Varvel, who had prior management experience at a large corporation, assumed these responsibilities because she was far more qualified than McCurry.

McCurry also argues that the December 2014 warning for unauthorized overtime was discriminatory. But the warning had no impact on her pay or on any terms or conditions of her employment, so it likewise was not an adverse employment action. *See Lloyd v. Swifty Transp., Inc.*, 552 F.3d 594, 602 (7th Cir. 2009) (holding that written reprimands without changes in the terms or conditions of employment are not adverse employment actions). Finally, any claim for retaliation is baseless because McCurry did not engage in any statutorily protected activity for which she could be retaliated against in violation of Title VII. *See King v. Ford Motor Co.*, 872 F.3d 833, 841 (7th Cir. 2017) (explaining that a plaintiff must show that he engaged in a statutorily protected activity in order to prevail on a Title VII retaliation claim).

**B. ADEA and ADA Claims Against Kenco**

The ADEA prohibits an employer from refusing to hire a person who is 40 or older because of his age. 29 U.S.C.

§ 623(a)(1). McCurry's age-discrimination claim is based on Kenco's decision to hire Varvel as the human-resources manager. McCurry was 52 when Kenco hired Varvel, who was 17 years younger than she. We have already explained that McCurry did not apply for this job and that Varvel was hired because she was far more qualified. There is no evidence to support an age-discrimination claim.

The ADA prohibits an employer from discriminating against a qualified person on the basis of disability. 42 U.S.C. § 12112(a). McCurry argued below that Kenco violated the ADA when her COBRA health-insurance costs changed after the layoff and she did not receive COBRA open-enrollment paperwork.[3] It's not clear how problems with COBRA health insurance can be an ADA violation. Regardless, the judge granted summary judgment for Kenco because a third-party administrator was responsible for the laid-off employees' COBRA-related benefits. McCurry did not challenge this ruling—or even mention the ADA claim—in her opening brief on appeal, raising it only in her reply brief. That's a waiver. *Estate of Moreland v. Dieter*, 395 F.3d 747, 759 (7th Cir. 2005).

## C. Section 1981 Claim Against Mars

Section 1981 provides a federal remedy against racial discrimination in private employment. *Johnson v. Ry. Express Agency, Inc.*, 421 U.S. 454, 459–60 (1975). Kenco, not Mars,

---

[3] Referring to the Consolidated Omnibus Budget Reconciliation Act of 1985, 29 U.S.C. §§ 1161–1168.

was McCurry's employer, but an entity other than the actual employer may be considered a "joint employer" for purposes of § 1981 if it exercised significant control over the employee. *Whitaker v. Milwaukee County*, 772 F.3d 802, 810 (7th Cir. 2014).

McCurry contends that Mars was her joint employer because Mars contracted with Kenco and Mars's regional distribution manager attended some meetings at the Manteno warehouse. That's clearly not enough to establish significant control. *See Love v. JP Cullen & Sons, Inc.*, 779 F.3d 697, 702–03 (7th Cir. 2015) (holding that where a general contractor provided instructions to a supervisor employed by a subcontractor, "[t]his minimal supervision" did not constitute significant control). Nothing in the agreement between Kenco and Mars establishes joint control over the warehouse employees. Kenco issued McCurry's paychecks and provided her benefits. Kenco conducted her performance reviews and issued the disciplinary warning she complains of here. As applied to Mars, the § 1981 claim is baseless for the additional reason that there is no evidence that it was a joint employer.

### D. Conspiracy Claim Against the Kenco Defendants and Mars

In order to prove a conspiracy claim under 42 U.S.C. § 1985(3), a plaintiff must establish:

> (1) the existence of a conspiracy; (2) a purpose of depriving a person or class of persons of [the] equal protection of the laws; (3) an act in furtherance of a conspiracy; and (4) an injury to person or property or a deprivation of a right or privilege granted to U.S. citizens.

*Hernandez v. Joliet Police Dep't*, 197 F.3d 256, 263 (7th Cir. 1999). The predicate injury at issue here is employment discrimination. Because summary judgment for the defendants was entirely proper on all of McCurry's employment-discrimination claims, the conspiracy claim necessarily fails.

### E. Sanctions

This appeal represents a shameful waste of judicial resources. We take this opportunity to reiterate that district judges may require strict compliance with local summary-judgment rules. *Ammons*, 368 F.3d at 817. The rules exist to ensure the fair and expeditious resolution of legal controversies and are well tailored to bring order and intelligibility to the summary-judgment process. Litigants and attorneys may chafe under the rules from time to time, "but the kind of organization the rules require must occur sooner or later, and the system as a whole is better served if it happens sooner." *Markham v. White*, 172 F.3d 486, 490 (7th Cir. 1999).

Moreover, "[t]he purpose of an appeal is to evaluate the reasoning and result reached by the district court." *Jaworski v. Master Hand Contractors, Inc.*, 882 F.3d 686, 690 (7th Cir. 2018). The rules of appellate procedure are designed "to make appellate briefs as valuable an aid to the decisional process as they can be." *Id.* (quotation marks omitted). Noncompliance with appellate rules wastes time and resources and frustrates the review process. Sanctions are appropriate when the rules are violated—especially when the violations are multiple and flagrant, as they are here.

Rule 38 of the Federal Rules of Appellate Procedure permits us to impose sanctions if an appeal is frivolous: "If a court of appeals determines that an appeal is frivolous, it

may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee." An appeal is frivolous if the appellant's claims are cursory, totally undeveloped, or reassert a previously rejected version of the facts. *See Jaworski*, 882 F.3d at 691. An appeal is also frivolous if it presents arguments that are so insubstantial that they are guaranteed to lose. *Berwick Grain Co. v. Ill. Dep't of Agric.*, 217 F.3d 502, 505 (7th Cir. 2000).

McCurry's appeal rests on factual assertions that were excluded from consideration below because McCurry disregarded several provisions in the local summary-judgment rule. As we've explained, there is no basis to disturb that ruling *even if* McCurry had challenged it, which she did not. Her appellate arguments are insubstantial to the point of incoherence and had no chance of prevailing in this court. "The result has been the harassment of opposing parties, insult to judicial officers, and waste of limited and valuable judicial resources." *McCready v. eBay, Inc.*, 453 F.3d 882, 892 (7th Cir. 2006).

The patently frivolous nature of this appeal isn't the only thing that troubles us. The hopelessness of McCurry's cause didn't deter her lawyer, Jordan Hoffman, from signing and submitting a bizarre appellate brief laden with assertions that have no basis in the record and arguments that have no

No. 18-3206                                                                 13

basis in the law.[4] In so doing, Hoffman violated Rule 28 of the Federal Rules of Appellate Procedure.

Rule 28 requires "a concise statement of the case" that sets out "the facts relevant to the issues submitted for review" and a summary of the argument containing "a succinct, clear and accurate statement of the arguments made in the body of the brief." FED R. APP. P. 28(a)(6)–(7). McCurry's brief, which spans 86 interminable pages, is neither concise nor clear.[5] It is chock-full of impenetrable arguments and unsupported assertions, and it is organized in ways that escape our understanding. Here is a representative sample:

- McCurry's brief seeks review of a variety of interlocutory orders without specifying why the orders were deficient. These "orders" include the "Amended Complaint," "multiple waivers of service," and a routine protective order allowing the parties to mark discovery documents "confidential."

- The brief accuses the defendants of *criminal* obstruction of justice and in a footnote asserts that

---

[4] He signed the brief on behalf of "plaintiff-appellant Mary Madison," who is not a party in this case. This is yet another way in which the brief is "out of the ordinary." *Pecher v. Owens-Ill., Inc.*, 859 F.3d 396, 403 (7th Cir. 2017).

[5] The term "brief"—derived from the Latin *brevis*, meaning short—seems inapt here. 1001 LEGAL WORDS YOU NEED TO KNOW: THE ULTIMATE GUIDE TO THE LANGUAGE OF THE LAW 16 (Jay M. Feinman & James E. Clapp eds., 2003). The brief is also a typographical nightmare. It uses five different fonts and various font sizes, including three different fonts *in one sentence*, and capitalizes words seemingly at random.

No. 18-3206　　　　　　　　　　　　　　　　　　　　　14

"[d]efendants' schemes were furthered by the US Mail."[6]

- The brief invokes res judicata, collateral estoppel, and judicial estoppel, none of which apply, none of which were asserted below, and all of which are therefore waived. *Shlahtichman v. 1-800 Contacts, Inc.*, 615 F.3d 794, 803 (7th Cir. 2010).

- The brief includes a section entitled "GAMESMANSHIP," which contains the following assertion: "Defendants have been 'gaming' the system." There is nothing else in the "gamesmanship" section.

- The brief contains many sentences like this one (all errors in original):

  > McCurry experiences a change in fringe benefits; harsher scrutiny; failure to be promoted; lack of opportunities; lack of professional standing; economic sanctions; hostile work environment that led to an employee being shot on the premise, various verbal and physical assaults of African-Americans by Caucasian employees of use of gun violence, vehicular assault, amongst other forms of violence, the ever looming

---

[6] When we questioned Hoffman about this outrageous accusation at oral argument, he apologized. He then opined that "civil obstruction, if anything," took place. There is no civil cause of action for obstruction of justice.

>    threat that a racially motivated altercation or riot may ensue and physical damage to McCurry's auto amongst actions/activities/ conduct.

There is more, but the point is made. Bad writing does not normally warrant sanctions, but we draw the line at gibberish. *See Stanard v. Nygren*, 658 F.3d 792, 801–02 (7th Cir. 2011) (ordering a lawyer to show cause why he should not be disciplined in part because, among other reasons, his appellate brief was not "reasonably coherent").

We sometimes invoke Rule 28 when the briefing is too abbreviated and sketchy to facilitate review. *See, e.g.*, *John v. Barron*, 897 F.2d 1387, 1393 (7th Cir. 1990); *Zelazny v. Lyng*, 853 F.2d 540, 542 n.1 (7th Cir. 1988); *Sanchez v. Miller*, 792 F.2d 694, 703 (7th Cir. 1986). But there is no functional difference between a scanty brief and an overly long, borderline-unintelligible brief. Both require us to supply the legal research and organization to make sense of the party's arguments. *Smith v. Town of Eaton*, 910 F.2d 1469, 1471 (7th Cir. 1990). In both cases we are frustrated in performing our review function and in evaluating the judgment below. *Id.*

Although we disregarded McCurry's factual assertions because they are unsupported (given the judge's enforcement of Rule 7.1(D)), we conclude with an observation about their substance. McCurry's brief asserts (among other things) that Kenco and Mars fostered a workplace environment where racist acts, including the attempted murder (by forklift) of an African-American employee, went unpunished. It asserts that consumers of Mars products "could have been affected by food products contaminated by vermin or their feces." And it asserts that Kenco's management

"engaged in various forms of psychological warfare" by "contriving scenarios in which African Americans were publicly reprimanded and falsely accused of 'smelling like weed.'" These baseless assertions are shockingly irresponsible.

Because we have a duty to "maintain public confidence in the legal profession" and "protect[] the integrity of the judicial proceeding," *Doe v. Nielsen*, 883 F.3d 716, 718 (7th Cir. 2018) (quotation marks omitted), we confronted Hoffman about his brief at oral argument. He replied that he is a "solo practitioner" who tries "to get the help of … clients and whoever can provide help to [him]" and then "merge[s] that information." Whatever that means, it in no way excuses this unprofessional conduct.

Hoffman's filings fall far below the reasonable standards of practice. We therefore order him to show cause within 14 days why he should not be sanctioned or otherwise disciplined under Rules 28 and 38 of the Federal Rules of Appellate Procedure. We also direct the clerk of this court to send a copy of this opinion to the Illinois Attorney Registration and Disciplinary Commission for any action it deems appropriate.

AFFIRMED; ORDER TO SHOW CAUSE ISSUED